[Doc. No. 322]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **MITSUBISHI TANABE PHARMA CORP. et al.,**<br>      Plaintiffs,<br><br>   v.<br><br>**AUROBINDO PHARMA USA, INC. et al.,**<br>      Defendants. | Civil No. 17-5005 (RMB/JS) |

**O R D E R**

This matter is before the Court on the "Motion to Seal" ("Motion") [Doc. No. 322] filed by defendants Zydus Pharmaceuticals (USA) Inc., MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. (collectively, "Defendants"). Defendants move to seal the unredacted version of the transcript of the oral argument and opinion on the defendants' motion to strike plaintiffs' expert reports held before the Court on May 18, 2020 [Doc. No. 321]. The motion is supported by the Declarations of Hershy Stern and James S. Richter as well as an Index. See Doc. Nos. 322-1, 322-2, and 322-3. The Court exercises its discretion to decide the motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, the motion is GRANTED.

Defendants contend the information they seek to seal contains and/or discloses proprietary, non-public business information that is not available to the pubic and is maintained confidential. See Decl. of Hershy Stern and James S. Richter at ¶ 6 [Doc. Nos. 322-1 and 322-2]. The parties further contend the information "contains, references, and/or reflects sensitive proprietary commercial and business information" regarding the parties' ANDAs. Id. at ¶ 7. Defendants also allege if the information becomes public, the parties will suffer serious commercial injury including "financial damage, damage to business relationships, damage to its commercial standing, and/or other irreparable harm." Id. at ¶ 8. Defendants further allege the publication of the information would provide "public insight into the business and operations" of the parties and "could cause competitive harm . . . and could have an impact on the intellectual property litigation landscape." Id. at ¶ 9. Last, defendants contend there is no less restrictive alternative to sealing the information because the request is tailored to seal only the confidential information. Id. at ¶ 11.

It is well-established there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal, it must demonstrate that "good cause" exists for protection of the material at issue.

Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3(c) which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. In particular, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" cannot satisfy the required showing of "clearly defined and serious injury." Pansy, 23 F.3d at 786 (citation omitted). Further, "it is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." In re: Benicar (Olmesarten) Prods. Liab. Litig., C.A. No. 15-2606 (RBK/JS), 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

3

The Court has reviewed the relevant portions of the transcript defendants seek to seal and finds they have met their burden under L. Civ. R. 5.3(c). Information relating to pricing strategies, business plans, or operations that if disclosed would potentially compromise a party's ability to remain competitive in their industry will meet the burden of a motion to seal. See Zavala v. Wal-Mart Corp., C.A. No. 03-5309 (JAG), 2007 WL 2688934, at *24 (D.N.J. Sep. 12, 2007). The information defendants seek to seal falls into this category. The relevant portions of the transcript contain sensitive non-public proprietary information relating to defendants' ANDAs. The Court finds defendants may suffer serious injury if a competitor possessed the information they seek to seal. The Court agrees that if the information is published it may be used by defendants' competitors to develop competing products. Further, the Court finds no less restrictive alternative to sealing the relevant portions of the transcript exists. Therefore, the Court agrees the information should be sealed.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 20th day of August 2020, that defendants' "Motion to Seal" [Doc. No. 322] is GRANTED; and it is further

4

ORDERED the Clerk of the Court is directed to maintain under seal the unredacted version of the transcript of the oral argument and opinion on the defendants' motion to strike plaintiffs' expert reports held before the Court on May 18, 2020 [Doc. No. 321]; and it is further

ORDERED that pursuant to L. Civ. R. 5.3(g), by September 10, 2020, defendants shall submit to the court reporter/ transcription agency a Statement of Redaction and Sealing pursuant to L. Civ. R. 5.3 so that the court reporter/ transcription agency can submit the redacted version of the transcript to the Clerk of the Court for filing on ECF.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge