# Exhibit DD

```
 1              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
 2

 3  ═══════════════════════════        CIVIL ACTION NUMBER:
    MITSUBISHI TANABE PHARMA
 4  CORPORATION, et al.               17-5005

 5       Plaintiffs,              ORAL OPINION DECIDING
                                  PLAINTIFFS' MARCH 20, 2020
 6       v.                       LETTER APPLICATION (DKT.
                                  NO. 278) SEEKING TO STRIKE
 7  AUROBINDO PHARMA USA, INC.,   PORTIONS OF DEFENDANTS'
    et al.,                       EXPERT REPORTS
 8
         Defendants.
 9  ─────────────────────────────

10       Thursday, May 14, 2020
         Commencing at 3:45 p.m.
11

12  B E F O R E:          THE HONORABLE JOEL SCHNEIDER,
                          UNITED STATES MAGISTRATE JUDGE

13  A P P E A R A N C E S:

14       SAUL EWING ARNSTEIN & LEHR LLP
         BY:  WILLIAM C. BATON, ESQUIRE
15       One Riverfront Plaza, Suite 1520
         Newark, NJ 07102-5426
16       For the Plaintiff

17       QUINN EMANUEL URQUHART & SULLIVAN, LLP
         BY:  COLLEEN TRACY JAMES, ESQUIRE
18            RAYMOND N. NIMROD, ESQUIRE
              CATHERINE T. MATTES, ESQUIRE
19            BRIAN FORSATZ, ESQUIRE
         51 Madison Avenue
20       New York, NY 10010
         For the Plaintiff
21

22       Karen Friedlander, Official Court Reporter
               friedlanderreporter@gmail.com
23                   (856) 756-0160

24       Proceedings recorded by mechanical stenography;
         transcript produced by computer-aided transcription.
25
```

1    **A P P E A R A N C E S: - CONTINUED**

2       RAKOCZY MOLINO MAZZOCHI SIWIK
        BY:  DEANNE MAZZOCHI, ESQUIRE
3       6 West Hubbard Street
        Suite 500
4       Chicago, Illinois 60654
        For the Defendant Lupin
5
        CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C.
6       BY:  MELISSA E. FLAX, ESQUIRE
        5 Becker Farm Road
7       Roseland, NJ 07068
        For the Defendant Lupin
8
        HILL WALLACK LLP
9       BY:  ERIC I ABRAHAM, ESQUIRE
        21 Roszel Road
10      Princeton, NJ 08540
        For the Defendant Sandoz
11
        BRINKS GILSON & LIONE
12      BY:  MARK H. REMUS, ESQUIRE
             JOSHUA H. JAMES, ESQUIRE
13      455 N. Cityfront Plaza Drive
        Chicago, IL 60611
14      For the Defendant Sandoz
15      COSNER YOUNGELSON
        BY:  REBECCA HAND, ESQUIRE
16           MARC D. YOUNGELSON, ESQUIRE
        197 Route 18, Suite 104
17      East Brunswick, NJ 08816
        For the Defendant Aurobindo
18
        WITHERS BERGMAN LLP
19      BY:  STEVEN J. MOORE, ESQUIRE
             JAMES NEILON, ESQUIRE
20      1700 East Putnam Avenue
        Greenwich, CT 06830
21      For the Defendant Aurobindo
22      SAIBER LLC
        BY:  KATHERINE ESCANLAR, ESQUIRE
23      18 Columbia Turnpike, Suite 200
        Florham Park, NJ 07932
24      For the Defendant Zydus
25

*United States District Court*
*Camden, New Jersey*

1  **A P P E A R A N C E S: - CONTINUED**

2      KASOWITZ BENSON TORRES LLP
       BY:  TREVOR WELCH, ESQUIRE
3           HERSHY STERN, ESQUIRE
       1399 New York Ave NW, Suite 201
4      Washington, DC 20005
       For the Defendant, Zydus
5

       FLASTER GREENBERG, PC
6      BY:  JEFFREY A. COHEN, ESQUIRE
       Commerce Center
7      1810 Chapel Avenue West
       Cherry Hill, NJ 08002
8      For the Defendant, Laurus Labs Ltd.

9      STERNE, KESSLER, GOLDSTEIN & FOX
       BY:  JOSEPH KIM, ESQUIRE
10     1100 New York Avenue N.W.
       Washington, DC 20005
11     For the Defendant, Laurus Labs Ltd.

12     WINSTON & STRAWN LLP
       BY: JOVIAL WONG, ESQUIRE
13         SHARON LIN, ESQUIRE
       1901 L Street N.W.
14     Washington, DC 20036
       For the Defendant, MSN
15

       MIDLIGE RICHTER LLC
16     BY:  JAMES S. RICHTER, ESQUIRE
       645 Martinsville Road
17     Basking Ridge, NJ 07920
       For the Defendant, MSN

18

19

20

21

22

23

24

25

1              (ALL PARTIES VIA TELEPHONE, May 14, 2020, 3:42 p.m.)

2              THE COURT:  Hi, counsel.  Judge Schneider here.  Is

3    Karen there?

4              THE COURT REPORTER:  Yes, Judge.

5              THE COURT:  I'm ready to put the opinion of the Court

6    on the record regarding plaintiffs' discovery application, to

7    be confirmed in a written order to be entered.  So bear with

8    me, counsel, while I read the opinion.  This matter is before

9    the Court on plaintiffs' March 20, 2020 application, Docket

10   No. 278 to strike portions of defendants' expert reports.

11             The application is directed to all defendants except

12   Sandoz.  Therefore, to the extent the Court's ruling strikes

13   any portion of defendants' expert reports, the ruling does not

14   apply to Sandoz.

15             The Court has received extensive briefs and held oral

16   argument on April 14 and May 14, 2020.  This oral opinion is

17   being read into the record after the completion of oral

18   argument on May 14, 2020.  Plaintiffs' application addresses

19   various aspects of the affirmative expert reports prepared by

20   Doctors Eckhardt and Cockcroft that were served on February 7,

21   2020.

22             At bottom, plaintiffs move to strike portions of the

23   noted expert reports because plaintiffs claim the experts

24   improperly attempted to amend defendants' invalidity

25   contentions that were served on March 30, 2018, and the

1    amendment violates Local Patent Rule 3.7 which requires an

2    amendment may only be made pursuant to a court order.

3        At oral argument on April 14 the parties agreed that

4    plaintiffs' arguments are divided into three general areas;

5    one, plaintiffs addressed defendants' Section 112 invalidity

6    argument; two, plaintiffs addressed defendants' obviousness

7    argument; and three, plaintiffs addressed defendants'

8    anticipation argument.

9        Before the Court discusses the applicable law and its

10    rulings, some general background information will be set

11    forth.  Obviously the parties know this ANDA patent litigation

12    involves plaintiffs' '582 and '202 patents.  The parties also

13    obviously know the Local Patent Rules set forth the required

14    timing and content of the parties' contentions.

15        On March 30, 2018, defendants filed their 113-page

16    joint invalidity contentions.  Plaintiffs responded on

17    June 29, 2018.  Sandoz's contentions were also filed on

18    March 30, 2018, which Sandoz supplemented on September 19,

19    2018.  And on November 12, 2018, plaintiffs responded to

20    Sandoz's supplemental contentions.  Defendants' expert reports

21    at issue were served on February 7, 2020.  Plaintiffs'

22    application seeking to strike portions of the noted expert

23    reports, Docket No. 278, was filed on March 20, 2020.  At

24    present, the final pretrial conference in the case is

25    scheduled on June 1, 2020, and trial is presently scheduled on

1    June 22nd, 2020.  As to the applicable law, the general

2    principles the Court has to apply should not be in dispute.

3    Local Patent Rule 3.3 addresses the required timing and

4    content of infringement contention.  Local Patent Rule 3.4

5    addresses the documents that must be produced with invalidity

6    contentions.  Amendments to contentions are governed by Local

7    Patent Rule 3.7.  The rule not only applies to amendments to

8    contentions, but also disclosures for other documents required

9    to be filed or exchanged.

10           Unlike Federal Rule of Civil Procedure 15 where

11   amendments are freely given when justice so requires,

12   amendments under Patent Rule 3.7 are more stringent and may

13   only be granted upon a showing of good cause.

14           This is true in part because the philosophy behind

15   amending claim charts is conservative and is designed to

16   prevent the shifting sands approach for a party's contentions.

17           It is clear, therefore, that a party may not amend

18   its contentions and produce documents and/or identify

19   documents that must otherwise be produced and/or identified

20   pursuant to Local Patent Rule 3.4 via an expert report.

21           It is also clear that if an expert report

22   impermissibly attempts to amend a party's contentions, the

23   relevant portions of the expert report must be stricken.  See

24   *Merck, Sharp & Dohme versus Sandoz*, 2014 Westlaw, 1494592 at

25   411-12, District of New Jersey, April 16, 2014.

1          As noted in this case, a party cannot circumvent the

2     local rules by including in expert reports what should have

3     been included in a parties' contentions.

4          As a result, the court must endeavor to determine if

5     defendants' expert reports are impermissibly attempting to

6     amend defendants' contentions or if, as defendants assert,

7     one, the contents of defendants' experts reports that

8     plaintiff object to were, in fact, contained in defendants'

9     contentions or if, two, defendants are not, in fact, amending

10    their contentions but simply citing to evidence supporting

11    their defenses.

12         The ruling on the issues in dispute the Court must

13    take into account the purpose and requirements of contentions.

14    The process has been addressed by this Court in many opinions

15    and its previous discussions are applicable and incorporated

16    herein by reference.

17         Although the Court has many opinions to choose from,

18    for present purposes, it will primarily rely on its opinions

19    and decisions in *Eagleview Technologies versus Xactware*

20    *Solutions*, 2017 Westlaw, 5886004, District of New Jersey,

21    November 29, 2017, and *Horizon Pharma AG v. Watson*

22    *Laboratories,* 2015 Westlaw, 12850575, District of New Jersey,

23    February 24th, 2015.

24         As noted, the Court's discussion in these two cases

25    is incorporated and adopted herein by reference.

1    At set forth by the Court in its opinions, the local

2  rules require parties to establish their contentions early on.

3  The rules require full and timely disclosure that provides all

4  parties with adequate notice and information with which to

5  litigate their cases.

6    This is true in order that parties crystallize their

7  theories of the case early on in the litigation and adhere to

8  these theories once they have been disclosed.

9    As the Court noted in *Eagleview*, there should be no

10 dispute that the local rules require parties to serve fulsome

11 and timely contentions as early as possible in the litigation.

12    With this background, the Court will proceed to

13 analyze plaintiffs' arguments and, as will be discussed,

14 plaintiffs' application is granted in part and denied in part.

15    The Court will next address plaintiffs' Section 112

16 invalidity argument.

17    Plaintiffs argue there are three different

18 subsections of this argument; one, written description; two

19 enablement; and three, indefiniteness.  As to written

20 description, plaintiffs agree defendants disclosed Claim 1 of

21 the '582 Patent did not satisfy the written description

22 requirement, but defendants' contentions were silent with

23 respect to Claims 3 and 4.  Claim 1 is no longer being

24 asserted in plaintiffs' case in chief.

25    Defendants acknowledge they did not specifically or

1   explicitly set forth that Claims 3 and 4 were invalid because

2   of their written description, but that this was nevertheless

3   included in their contentions.  Defendants argue since Claims

4   3 and 4 are dependent on Claim 1, all of the arguments as to

5   Claim 1 apply to Claims 3 and 4.

6        Defendants also argue by using the term "asserted

7   claims" on Page 46 of their contentions and defining it as

8   they did, that the asserted claims included Claims 3 and 4 of

9   the '582 patent.

10        Defendants also argue they incorporated by reference

11   Section 2(B)(2) at the top of Page 54 of their contentions,

12   which refers to Claim 3 as well as several other relevant

13   incorporations.

14        The Court agrees with plaintiffs that defendants did

15   not sufficiently include in their contentions that they would

16   assert a description invalidity defense as to Claims 3 and 4

17   of the '582 patent.  The Court, therefore, strikes these

18   portions of the Cockcroft expert report or the Eckhardt expert

19   report that addresses this invalidity defense.

20        First, it is apparent that this defense was not

21   explicitly set forth as it should have been.  Second,

22   plaintiffs should not have to go through what the Court calls

23   "hoops and loops" and inferences to identify defendants'

24   defenses.  This is what would be required if the Court adopts

25   defendants' argument.

1    The Court agrees with plaintiffs that defendants'

2  general definitions and boilerplate incorporation by reference

3  statements in their 113-page invalidity contentions did not

4  appropriately notify them of the written description defense

5  as to Claims 3 and 4.  This includes defendants' boilerplate

6  incorporation of Sandoz's invalidity contentions.  This type

7  of general boilerplate incorporation is not in accord with the

8  letter and spirit required in New Jersey's Local Patent Rules

9  requiring full, complete, fulsome, and unambiguous

10  disclosures.

11    Third, if defendants intended when they served their

12  contentions, to assert a written description defense to Claims

13  3 and 4, they would not have worded the heading in their

14  contentions "Claim 1 of the '582 Patent is indefinite."  See

15  Page 46 of defendants' contentions.  Instead, defendants would

16  have and should have specifically referred to Claims 1, 3, and

17  4.

18    Further, it is relatively easy to see how plaintiffs

19  were misled since under the heading "Invalidity of Claims 3

20  and 4" no Section 112 defense was specifically asserted.

21    Accordingly, the relevant portions of defendants'

22  expert reports referring to a written description invalidity

23  defense as to Claims 3 and 4 are stricken.

24    The Court now turns to enablement.  The plaintiffs

25  acknowledge this argument is nuanced.  Plaintiffs admit

1  defendants' joint contentions stated a person of ordinary

2  skill in the art could not make all the forms of canagliflozin

3  hemihydrate that were claimed.  However, plaintiffs argue

4  Cockcroft's report now says a person of ordinary skill can't

5  make any canagliflozin hemihydrate.

6       Defendant argues Cockcroft is simply providing

7  evidence of why a person of ordinary skill can't make any

8  hemihydrate.  Defendants argue they are not changing their

9  contentions because they are simply showing, in their words,

10  plaintiff has not enabled the full scope.  See transcript of

11  oral argument on April 14 at Page 27, Line 5.

12       On this issue the Court rules in plaintiffs' favor.

13  Defendants are limited to what they claim in their

14  contentions.  To the extent Cockcroft purports to testify that

15  any of the subject product can't be made, the testimony is

16  barred.  However, Cockcroft can testify to what is in

17  defendants' contentions, i.e. that not all of the product is

18  enabled.

19       The Court will briefly comment on defendants'

20  argument directed to plaintiffs' discovery responses.  To the

21  extent defendants attempt to excuse or justify their new

22  contentions because of plaintiffs' alleged failure to produce

23  discovery, the argument is rejected.  It is simply too late in

24  the case to raise a discovery issue now.  Defendants have not

25  been shy about raising disputes and they could have and should

 1   have raised any discovery disputes earlier.

 2          The third area to address is indefiniteness.

 3   Plaintiffs argue nowhere in defendants' contentions do they

 4   claim the term "hemihydrate" is indefinite.  Plaintiffs argue

 5   defendants knew what plaintiffs' construction of the term was

 6   and they never moved to amend their contentions.

 7          Defendants argue since their contentions stated the

 8   phrase "crystallize form" was indefinite, the term applies to

 9   hemihydrate.  The Court finds in plaintiffs' favor and strikes

10   the relevant indefinite paragraph from defendants' expert

11   reports.

12          Defendants essentially admit this defense was not

13   disclosed in their contentions.  Defendants admitted at oral

14   argument that this indefinite argument only accrued after the

15   *Markman* construction.  See transcript, Page 36, Line 12 to 14.

16   Therefore, the defense could not have been disclosed with

17   defendants' contentions served on March 30, 2018, which was

18   long before the *Markman* ruling.  Defendants could have moved

19   to amend their contentions after the *Markman* ruling.  It's too

20   late to do it now.

21          The Court now turns to the second general area in

22   dispute, which is defendants' anticipation defense addressed

23   in Eckhardt's report.

24          Simply stated, plaintiffs argue there is no

25   discussion of an anticipation argument that relies on hydrate

1    references in Janssen's internal documents.  Therefore,

2    plaintiffs seek to strike these references.

3        In response, defendants argue the references in

4    question are not prior art but instead are extrinsic evidence

5    that concerns their contentions.  Defendants argue Eckhardt is

6    not asserting a new theory but instead he is citing to

7    evidence to support a theory set forth in defendants'

8    contentions.

9        Defendants argue the Local Patent Rules do not

10   require parties to submit every piece of evidence.  See

11   transcript at Page 43, Line 6.  As to this argument the Court

12   rules in defendants' favor.  In *Monsanto versus Dupont,* 878

13   F.3d 1336, Page 1335, Fed. Circuit 2018, a case not directly

14   on point but instructive, the Court ruled the cited references

15   were extrinsic evidence that was offered to explain and

16   support the proffered prior art.  As noted in *Monsanto*,

17   extrinsic evidence may be used to interpret the allegedly

18   anticipatory reference and to shed light on what it would have

19   meant to a person of ordinary skill in the art.  See also in

20   re *Baxter Travenol Labs*, 952 F.2d. 388, Page 390, Fed. Circuit

21   1991, which stated that extrinsic evidence may be considered

22   when it is used to explain but not expand the meaning of the

23   reference.

24       Since the Court finds the cited references are

25   extrinsic evidence rather than prior art, plaintiffs'

1    application regarding defendants' anticipation defense is

2    denied.  This oral opinion makes it clear that the cited

3    references may not be used as classic prior art.

4           The Court now turns to the obviousness issue.  This

5    issue is divided into three subsections; one, references and

6    combinations not disclosed; two, previously disclosed

7    references cited for a different purpose; three, additions of

8    the knowledge of a person of ordinary skill in the art to the

9    combination.  As to subsection 1, references and combinations

10   not disclosed, plaintiffs' March 24, 2020 letter brief at Page

11   6, Docket No. 290, highlights what is at issue.

12          Plaintiffs claim these are new references and

13   combinations.  Defendants argue these were all disclosed and

14   what plaintiffs are really objecting to is Eckhardt addressing

15   the substance of plaintiffs' validity contentions.  The Court

16   agrees with defendants, with two provisos.  If we lived in a

17   perfect world, defendants would have put their contentions in

18   a perfect chart form; however, for present purposes, the Court

19   finds that defendants made a sufficient disclosure to put

20   plaintiffs on notice of the references and combinations at

21   issue.

22          The two provisos to the Court's ruling are as

23   follows:  One, as to the Etter and Jeffrey references, they

24   were not previously disclosed prior art, therefore, they are

25   stricken from defendants' expert reports.

1          Further, combination No. 9, which was not previously

2     disclosed shall be stricken.

3          The second subsection to deal with is previously

4     disclosed prior art used for a new purpose.

5          This argument does not merit much discussion.  The

6     Court finds that under the circumstances of this case, the

7     plaintiffs are attempting to create too fine a line.  As to

8     this case, defendants are permitted to respond to plaintiffs'

9     contentions by referring to all cited portions of the

10    references in defendants' expert reports already cited in

11    defendants' invalidity contentions.

12         The third and last subsection to address is the

13    addition of the knowledge of a POSA to a combination.

14    Plaintiffs argue Eckhardt has added this to his combinations

15    and this gives defendants a back door to include an infinite

16    number of references.  Again, defendants argue that it's just

17    background and was disclosed.

18         The Court agrees with defendants, especially since

19    plaintiffs' contentions apparently make the same references.

20         It will be made clear, however, that when the POSA

21    refers to references, he or she is limited to references that

22    have previously been disclosed in the case.

23         In sum, therefore, the Court's rulings can be

24    summarized as follows, and will be set forth in an order to be

25    entered:  One, the portions of defendants' expert reports that

1  refer to the Section 112 invalidity defense as applicable to

2  Claims 3 and 4 of the '582 patent are stricken.

3      Two, the portions of defendants' experts reports

4  regarding an enablement defense that a person of ordinary

5  skill in the art cannot make "any" forms of canagliflozin

6  hemihydrate are stricken.  Defendants experts may address

7  whether a POSA can make "all" forms of this product.

8      Three, portions of defendants' expert reports

9  asserting an indefinite defense based on the construction of

10 hemihydrate are stricken.

11     Four, plaintiffs' request to strike "hydrate"

12 references and Janssen's internal documents in the context of

13 defendants' anticipation defense is denied.

14     Five, as to plaintiffs' request to strike portions of

15 defendants' expert reports addressing the obviousness defense,

16 one, plaintiffs' request to strike alleged new references and

17 combinations not previously disclosed is denied, except the

18 references to Etter and Jeffrey and combination 9 are

19 stricken.

20     Two, plaintiffs' request to strike portions of

21 references previously disclosed that were allegedly cited for

22 a different purpose is denied.

23     And three, plaintiffs' request to strike the addition

24 of a POSA to a combination is denied, except when the POSA

25 evidence relies on references, the evidence may only rely on

 1   references disclosed in defendants' contentions.

 2        It will be further ordered that portions of

 3   plaintiffs' expert reports that solely rebut the stricken

 4   portions of defendants' expert reports are stricken.  And

 5   last, it will be ordered that this order does not address the

 6   expert submissions of Sandoz.

 7        So, counsel, that's the Court's oral opinion and

 8   ruling, to be confirmed in an order to be entered.  There was

 9   one other issue I wanted to address with you, and that has to

10   do with the timing in the case.  Obviously, because of the

11   current crisis, we face a different world than we did when the

12   trial date was set.  Whether the trial will take place in June

13   as ordered is one hundred percent in the control of Judge

14   Bumb.

15        But a question I had was whether some sort of

16   application is going to be made to Judge Bumb in light of the

17   postponement of what's been referenced as a related patent

18   case before Judge Wolfson.

19        Can anyone speak to that?

20        MR. BATON:  Your Honor, this is Bill Baton for

21   plaintiffs.  We understand Your Honor had inquired about this

22   because of the compound case before Chief Judge Wolfson.  That

23   trial will not -- obviously did not proceed in May as it had

24   been scheduled, and as Your Honor correctly noted, there was

25   an order entered in that case by Chief Judge Wolfson that

1    essentially, you know, prevents Zydus, I believe, from going

2    on the market, but they could probably, if they're on the

3    call, could make it more clear, about four months after the

4    close of evidence at that trial.  That trial has not been

5    rescheduled yet.

6          The parties had been discussing the COVID-19

7    situation, the compound case and its effect on this

8    potentially, and my understanding is there's somewhat of

9    unanimous thought that it's unworkable under the circumstances

10   the way the parties have been hampered on expert discovery to

11   try the case in June in light of COVID-19, and in light of the

12   agreement and order in the compound case, the parties have

13   been conferring about what they could agree upon as a schedule

14   to be proposed or to Judge Bumb about the trial in this case

15   and the completion of discovery in time for a trial such that

16   I understand that it would not, you know, go beyond what is

17   contemplated in the compound case.

18         But those discussions are ongoing, as far as I

19   understand, and we are intending to come to some kind of

20   consensus and present that to Judge Bumb, in which we would of

21   course include Your Honor in that submission, so you're aware

22   of it.  If you'd like us to work with you, we're happy to do

23   that, but I don't think there's anything ripe to present to

24   this Court at this time today.  But we are working on it.

25   That's the status update.

```
 1            THE COURT:  Well, you can copy me on the
 2   correspondence to Judge Bumb, but you ought to direct it to
 3   her because she's solely in control of the scheduling.  I
 4   suppose what I'm thinking of is -- listen, the final pretrial
 5   conference is scheduled for June 1.  It's doubtful if it goes
 6   off it will be in person, so it will be by phone probably, but
 7   I know how much work is involved in that.  But right now the
 8   trial date is set, so it's not appropriate for me to change
 9   the date for the preparation and submission of the final
10   pretrial order.  But if it turns out that Judge Bumb moves the
11   trial date and if the parties agree I can be flexible and we
12   can be flexible in terms of adjusting the dates of the
13   preparation of the final pretrial order.  That's up to you.
14   If you want to go ahead and prepare it, that's perfectly fine,
15   I have no problem with that.  But if the trial is going to be
16   pushed off to some date, I don't know when in the future, I
17   certainly have no burning desire to force the parties to get
18   the order done so we can have a final pretrial conference by
19   June 1.
20            I think you understand what I'm saying, that we can
21   be flexible with regard to the order, as long as the trial
22   date is moved.  But until that trial date is changed, you
23   know, we'll keep the deadlines for the final pretrial order
24   on.
25            MR. BATON:  Yes, Your Honor, thank you.  This is Bill
```

1   Baton again.  We will, you know, make a submission to Judge

2   Bumb when the parties have something to propose, you know, and

3   there is, as I said, you know, ongoing discussions about that,

4   and we are cognizant of the pretrial order deadline, et

5   cetera.  And so we are, I think, endeavoring to get out in

6   front of that obviously so that it gives the Court time to

7   consider any potential application.

8           And we will copy you, but direct it to Judge Bumb.

9           THE COURT:  Does that case, Judge Wolfson's case,

10  necessarily have to try before this case and be decided?

11          MR. BATON:  Your Honor, once again, Bill Baton.  I

12  think one of the issues and why we consider it related, first

13  of all, it's the same ANDAs with the defendants and only one

14  defendant in this case, likewise in the compound case before

15  Chief Judge Wolfson, could enter the market absent a decision

16  from a court before 2025, based on the regulatory filings.

17          So wrapping up what's going to happen in the compound

18  case, there's always been something the plaintiffs at least --

19  I can only speak for the plaintiffs -- believe makes sense

20  because of the ramifications on the other defendants who

21  otherwise aren't going to the market anyway unless there's

22  some, you know, ruling.

23          And so in light of those, I guess complexities, it's

24  plaintiffs' position that, you know -- well, first of all,

25  let's put it this way, and I don't mean to backtrack, but for

1   the agreement that Zydus has made and the order that was put

2   in place about its agreement not to launch four months after

3   the close of evidence in the compound case trial, that does in

4   some way affect in case, because even if there were -- and we

5   don't have such an agreement at this time in this case, but if

6   we were, we would obviously present that to the Court.

7          But if we do not have that agreement, I still would

8   think -- I still think their agreement in the compound case is

9   applicable because they're not going to be able to launch in

10  this case unless there's a decision, and they'd still have to

11  wait until the close of evidence in four months or a decision

12  in the compound case.

13         So they are tied together in that regardless of

14  whether there is agreement in this case, they've made an

15  agreement not to launch and, you know, it's the same product

16  essentially, just different patents.

17         So there are things we are trying to work out with

18  the defendants, but that's sort of where it lines up and that

19  they are connected and we need to, you know, come to a

20  consensus about what we want to present to Judge Bumb and we

21  will do that.

22         MR. WELCH:  Your Honor, can I be heard?  This is

23  Trevor Welch on behalf Zydus.  May I be heard?

24         THE COURT:  Sure.

25         MR. WELCH:  Okay.  There's absolutely no reason why

1  these two cases can't be sequenced one before the other.  They

2  are related, they're relating to the same product, ultimately,

3  but as plaintiffs pointed out, Zydus has the most pressing

4  interest on getting this product to market sooner.  We want to

5  get this case done as soon as possible, and so in our view,

6  there's no reason why delaying the other case should impact

7  this case at all.  If we can get this done soon, we'd love to

8  do it.

9          MR. BATON:  Your Honor, this is Bill Baton.  I'd like

10  to respond to that because during the course of the

11  discussions as late as I believe yesterday, there certainly

12  wasn't any position taken from Zydus that we -- there was an

13  agreement or some need to try the case in June.  The proposal

14  I understood was not anywhere near June as the proposed trial

15  date, but even in our discussions with them.

16          So to the extent he's making one point, I don't think

17  we can just assume that the point he's making about when the

18  trial takes place necessarily means he's arguing for a June

19  trial.  If he is, that's a departure from what we've heard

20  recently.

21          THE COURT:  I guess there's a couple of different

22  issues.  One is because of COVID-19 whether it's feasible even

23  if Judge Bumb wants to go ahead to have a trial in June is one

24  issue, and the second issue is whether it's appropriate for

25  this case to be put on ice until Judge Wolfson's case is tried

1    and decided, I think are two different issues.  Judge Bumb is

2    going to address both of those issues.  I do think in

3    fairness, whenever your submissions are made to Judge Bumb,

4    they should be coordinated, because if there's going to be an

5    objection delaying or postponing for any material time the

6    trial, she ought to hear both sides of the issue, and I'm sure

7    she will hear both sides of the issues.

8         So maybe there being objection and all of you will

9    take one position and Zydus will take a different position,

10   but clearly Judge Bumb needs to know that, okay?

11        MR. BATON:  Yes, Your Honor, thank you.  And just to

12   be clear, I mean the plaintiffs aren't suggesting that the

13   case be put on ice and do nothing until the compound case

14   happens.  I think there's a discussion about how to complete

15   this case in a timely manner that makes sense under the

16   COVID-19 era to complete this case and get a trial ready.

17        And, you know, just to the earlier point I made about

18   the compound case, regardless of what Zydus's position might

19   be today, if we -- if the plaintiffs win the compound case,

20   that may obviate the need to have a polymorph trial which is

21   this case, the polymorph patent.  So it may obviate the need

22   to have that trial.  And I say "may" but it's a possibility.

23   So it's something that we put into the calculus.  But we'll

24   say enough about that for now because we're talking schedule

25   and we're going to try to be reasonable here hopefully with

 1  the parties and be respectful of Judge Bumb's concerns as

 2  well.

 3          THE COURT:  Does anything need to be done in this

 4  case aside from the preparation of the final pretrial order or

 5  addressing the issues that we're going to argue I think on

 6  Monday?

 7          MS. MAZZOCHI:  Your Honor, this is Deanne Mazzochi.

 8  Sorry, Your Honor, are you still there?

 9          THE COURT:  Yes.

10          MS. MAZZOCHI:  Did we lose the Court?

11          THE COURT:  No, I'm here.  Can you hear me?

12          MS. MAZZOCHI:  Yes, I can hear you.  I just wasn't

13  sure if anyone else could hear me.  This is Ms. Mazzochi, Your

14  Honor.  Certainly on behalf of Lupin, the parties have not

15  taken any expert discovery, one; we have not yet filed our

16  reply expert reports.  The parties have agreed to move those

17  dates.  And again, we're just trying to -- our thought process

18  was try to present the Court with ideally one final schedule

19  that could be adopted that would work for all parties.  We're

20  not quite there yet, but we've made a lot of progress over the

21  course of the last week and we do have to get something to

22  Judge Bumb certainly before the end of the month.

23          One of the issues, you know, because we have overseas

24  experts, you know, trying to arrange for that, and also given

25  the volume of documents that are usually an issue when it

1    comes to these depositions, I think all of the parties want to

2    take the expert depositions live.  So I think that there is a

3    huge recognition that the trial date does need to be

4    postponed, we're just trying to get approximate time period.

5         And from Lupin's perspective, because of the nature

6    and the position of our case, there's no need for us to try

7    this case quickly, given it's procedural posture in effect of

8    what happens on the compound case.  So I think because there

9    are several defendants where, for procedural reasons, we

10   are -- we do not need to rush.  I think that's what, you know,

11   leading to the differences, in terms of, you know, the

12   plaintiffs and most of the defendants underlying assertions to

13   Zydus.  And we are trying quite diligently to see if we can

14   work all of that out so that we're presenting this Court with

15   one proposed deadline.

16        THE COURT:  You know what would be really nice,

17   counsel, if you settled the case so that this Court doesn't

18   have to deal with these mind-numbing issues.

19        (Laughter)

20        THE COURT:  I'll leave that in your very capable

21   hands.

22        MS. MAZZOCHI:  Thank you, Your Honor.  And again,

23   this is Ms. Mazzochi.  I do want to let the Court know that

24   obviously we will be reading the Court's decision today with

25   great care, but I do want to let the Court know that, you

1  know, we obviously expect that plaintiffs will be held to the

2  same standards of disclosure that the defendants are and you

3  may see us as well in connection with any contention

4  disclosure issues.  But again, we'll try to meet and confer

5  with the plaintiffs to see if we can work that out without

6  having to trouble the Court.

7          THE COURT:  That would be delightful.

8          MS. MAZZOCHI:  We will try.

9          THE COURT:  Nothing would please me more, and there's

10  only one set of rules that applies in the case and they apply

11  to everybody.  So what's good for the goose is good for the

12  gander.

13          I hope everyone is safe.  I guess we'll talk on

14  Monday, and if there's nothing else, we're adjourned.

15          MS. MAZZOCHI:  Thank you very much.

16          MS. JAMES:  Thank you, very much, Your Honor.  We

17  greatly appreciate the Court's time.

18          RESPONSE:  Thank you, Your Honor.

19          (4:28 p.m.)

20          - - - - - - - - - - - - - - - - -

21  I certify that the foregoing is a correct transcript from the

22  record of proceedings in the above-entitled matter.

23  */S/ Karen Friedlander, CRR, RMR*
   *Court Reporter/Transcriber_____*

24

25  *May 15, 2020*
   *Date*

**'**

**'202** [1] - 5:12
**'582** [6] - 5:12, 8:21, 9:9, 9:17, 10:14, 16:2

**/**

**/S** [1] - 26:23

**0**

**06830** [1] - 2:20
**07068** [1] - 2:7
**07102-5426** [1] - 1:15
**07920** [1] - 3:17
**07932** [1] - 2:23
**08002** [1] - 3:7
**08540** [1] - 2:10
**08816** [1] - 2:17

**1**

**1** [10] - 5:25, 8:20, 8:23, 9:4, 9:5, 10:14, 10:16, 14:9, 19:5, 19:19
**10010** [1] - 1:20
**104** [1] - 2:16
**1100** [1] - 3:10
**112** [4] - 5:5, 8:15, 10:20, 16:1
**113-page** [2] - 5:15, 10:3
**12** [2] - 5:19, 12:15
**12850575** [1] - 7:22
**1335** [1] - 13:13
**1336** [1] - 13:13
**1399** [1] - 3:3
**14** [8] - 1:10, 4:1, 4:16, 4:18, 5:3, 11:11, 12:15
**1494592** [1] - 6:24
**15** [2] - 6:10, 26:25
**1520** [1] - 1:15
**16** [1] - 6:25
**17-5005** [1] - 1:4
**1700** [1] - 2:20
**18** [2] - 2:16, 2:23
**1810** [1] - 3:7
**19** [1] - 5:18
**1901** [1] - 3:13
**197** [1] - 2:16
**1991** [1] - 13:21

**2**

**2(B)(2** [1] - 9:11
**20** [3] - 1:5, 4:9, 5:23

**200** [1] - 2:23
**20005** [2] - 3:4, 3:10
**20036** [1] - 3:14
**201** [1] - 3:3
**2014** [2] - 6:24, 6:25
**2015** [2] - 7:22, 7:23
**2017** [2] - 7:20, 7:21
**2018** [8] - 4:25, 5:15, 5:17, 5:18, 5:19, 12:17, 13:13
**2020** [13] - 1:5, 1:10, 4:1, 4:9, 4:16, 4:18, 4:21, 5:21, 5:23, 5:25, 6:1, 14:10, 26:25
**2025** [1] - 20:16
**21** [1] - 2:9
**22nd** [1] - 6:1
**24** [1] - 14:10
**24th** [1] - 7:23
**27** [1] - 11:11
**278** [3] - 1:6, 4:10, 5:23
**29** [2] - 5:17, 7:21
**290** [1] - 14:11

**3**

**3** [13] - 8:23, 9:1, 9:4, 9:5, 9:8, 9:12, 9:16, 10:5, 10:13, 10:16, 10:19, 10:23, 16:2
**3.3** [1] - 6:3
**3.4** [2] - 6:4, 6:20
**3.7** [3] - 5:1, 6:7, 6:12
**30** [4] - 4:25, 5:15, 5:18, 12:17
**36** [1] - 12:15
**388** [1] - 13:20
**390** [1] - 13:20
**3:42** [1] - 4:1
**3:45** [1] - 1:10

**4**

**4** [12] - 8:23, 9:1, 9:4, 9:5, 9:8, 9:16, 10:5, 10:13, 10:17, 10:20, 10:23, 16:2
**411-12** [1] - 6:25
**43** [1] - 13:11
**455** [1] - 2:13
**46** [2] - 9:7, 10:15
**4:28** [1] - 26:19

**5**

**5** [2] - 2:6, 11:11
**500** [1] - 2:3
**51** [1] - 1:19

**54** [1] - 9:11
**5886004** [1] - 7:20

**6**

**6** [3] - 2:3, 13:11, 14:11
**60611** [1] - 2:13
**60654** [1] - 2:4
**645** [1] - 3:16

**7**

**7** [2] - 4:20, 5:21
**756-0160** [1] - 1:23

**8**

**856** [1] - 1:23
**878** [1] - 13:12

**9**

**9** [1] - 15:1, 16:18
**952** [1] - 13:20

**A**

**able** [1] - 21:9
**above-entitled** [1] - 26:22
**ABRAHAM** [1] - 2:9
**absent** [1] - 20:15
**absolutely** [1] - 21:25
**accord** [1] - 10:7
**accordingly** [1] - 10:21
**account** [1] - 7:13
**accrued** [1] - 12:14
**acknowledge** [2] - 8:25, 10:25
**ACTION** [1] - 1:3
**added** [1] - 15:14
**addition** [2] - 15:13, 16:23
**additions** [1] - 14:7
**address** [7] - 8:15, 12:2, 15:12, 16:6, 17:5, 17:9, 23:2
**addressed** [5] - 5:5, 5:6, 5:7, 7:14, 12:22
**addresses** [4] - 4:18, 6:3, 6:5, 9:19
**addressing** [3] - 14:14, 16:15, 24:5
**adequate** [1] - 8:4
**adhere** [1] - 8:7
**adjourned** [1] - 26:14
**adjusting** [1] - 19:12
**admit** [2] - 10:25, 12:12

**admitted** [1] - 12:13
**adopted** [2] - 7:25, 24:19
**adopts** [1] - 9:24
**affect** [1] - 21:4
**AG** [1] - 7:21
**AGNELLO** [1] - 2:5
**agree** [3] - 8:20, 18:13, 19:11
**agreed** [2] - 5:3, 24:16
**agreement** [9] - 18:12, 21:1, 21:2, 21:5, 21:7, 21:8, 21:14, 21:15, 22:13
**agrees** [4] - 9:14, 10:1, 14:16, 15:18
**ahead** [2] - 19:14, 22:23
**aided** [1] - 1:24
**al** [2] - 1:4, 1:7
**ALL** [1] - 4:1
**alleged** [2] - 11:22, 16:16
**allegedly** [2] - 13:17, 16:21
**amend** [6] - 4:24, 6:17, 6:22, 7:6, 12:6, 12:19
**amending** [2] - 6:15, 7:9
**amendment** [2] - 5:1, 5:2
**amendments** [4] - 6:6, 6:7, 6:11, 6:12
**analyze** [1] - 8:13
**ANDA** [1] - 5:11
**ANDAs** [1] - 20:13
**anticipation** [5] - 5:8, 12:22, 12:25, 14:1, 16:13
**anticipatory** [1] - 13:18
**anyway** [1] - 20:21
**apparent** [1] - 9:20
**applicable** [5] - 5:9, 6:1, 7:15, 16:1, 21:9
**application** [9] - 4:6, 4:9, 4:11, 4:18, 5:22, 8:14, 14:1, 17:16, 20:7
**APPLICATION** [1] - 1:6
**applies** [3] - 6:7, 12:8, 26:10
**apply** [4] - 4:14, 6:2, 9:5, 26:10
**appreciate** [1] - 26:17
**approach** [1] - 6:16
**appropriate** [2] - 19:8, 22:24

**appropriately** [1] - 10:4
**approximate** [1] - 25:4
**April** [4] - 4:16, 5:3, 6:25, 11:11
**area** [2] - 12:2, 12:21
**areas** [1] - 5:4
**argue** [17] - 4:17, 9:3, 9:6, 9:10, 11:3, 11:8, 12:3, 12:4, 12:7, 12:24, 13:3, 13:5, 13:9, 14:13, 15:14, 15:16, 24:5
**argues** [1] - 11:6
**arguing** [1] - 22:18
**argument** [18] - 4:16, 4:18, 5:3, 5:6, 5:7, 5:8, 8:16, 8:18, 9:25, 10:25, 11:11, 11:20, 11:23, 12:14, 12:25, 13:11, 15:5
**arguments** [3] - 5:4, 8:13, 9:4
**ARNSTEIN** [1] - 1:14
**arrange** [1] - 24:24
**art** [10] - 11:2, 13:4, 13:16, 13:19, 13:25, 14:3, 14:8, 14:24, 15:4, 16:5
**aside** [1] - 24:4
**aspects** [1] - 4:19
**assert** [3] - 7:6, 9:16, 10:12
**asserted** [4] - 8:24, 9:6, 9:8, 10:20
**asserting** [2] - 13:6, 16:9
**assertions** [1] - 25:12
**assume** [1] - 22:17
**attempt** [1] - 11:21
**attempted** [1] - 4:24
**attempting** [2] - 7:5, 15:7
**attempts** [1] - 6:22
**Aurobindo** [2] - 2:17, 2:21
**AUROBINDO** [1] - 1:7
**Ave** [1] - 3:3
**Avenue** [2] - 1:19, 2:20, 3:7, 3:10
**aware** [1] - 18:21

**B**

**background** [3] - 5:10, 8:12, 15:17
**backtrack** [1] - 20:25
**barred** [1] - 11:16
**based** [2] - 16:9, 20:16
**Basking** [1] - 3:17

**BATON** [6] - 1:14, 17:20, 19:25, 20:11, 22:9, 23:11
**Baton** [4] - 17:20, 20:1, 20:11, 22:9
**Baxter** [1] - 13:20
**bear** [1] - 4:7
**Becker** [1] - 2:6
**behalf** [2] - 21:23, 24:14
**behind** [1] - 6:14
**BENSON** [1] - 3:2
**BERGMAN** [1] - 2:18
**beyond** [1] - 18:16
**Bill** [4] - 17:20, 19:25, 20:11, 22:9
**boilerplate** [3] - 10:2, 10:5, 10:7
**bottom** [1] - 4:22
**BRIAN** [1] - 1:19
**brief** [1] - 14:10
**briefly** [1] - 11:19
**briefs** [1] - 4:15
**BRINKS** [1] - 2:11
**BRODY** [1] - 2:5
**Brunswick** [1] - 2:17
**Bumb** [14] - 17:14, 17:16, 18:14, 18:20, 19:2, 19:10, 20:2, 20:8, 21:20, 22:23, 23:1, 23:3, 23:10, 24:22
**Bumb's** [1] - 24:1
**burning** [1] - 19:17
**BY** [14] - 1:14, 1:17, 2:2, 2:6, 2:9, 2:12, 2:15, 2:19, 2:22, 3:2, 3:6, 3:9, 3:12, 3:16
**BYRNE** [1] - 2:5

---

## C

**calculus** [1] - 23:23
**canagliflozin** [3] - 11:2, 11:5, 16:5
**cannot** [2] - 7:1, 16:5
**capable** [1] - 25:20
**care** [1] - 25:25
**CARELLA** [1] - 2:5
**case** [50] - 5:24, 7:1, 8:7, 8:24, 11:24, 13:13, 15:6, 15:8, 15:22, 17:10, 17:18, 17:22, 17:25, 18:7, 18:11, 18:12, 18:14, 18:17, 20:9, 20:10, 20:14, 20:18, 21:3, 21:4, 21:5, 21:8, 21:10, 21:12, 21:14, 22:5, 22:6, 22:7,

22:13, 22:25, 23:13, 23:15, 23:16, 23:18, 23:19, 23:21, 24:4, 25:6, 25:7, 25:8, 25:17, 26:10
**cases** [3] - 7:24, 8:5, 22:1
**CATHERINE** [1] - 1:18
**CECCHI** [1] - 2:5
**Center** [1] - 3:6
**certainly** [4] - 19:17, 22:11, 24:14, 24:22
**certify** [1] - 26:21
**cetera** [1] - 20:5
**change** [1] - 19:8
**changed** [1] - 19:22
**changing** [1] - 11:8
**Chapel** [1] - 3:7
**chart** [1] - 14:18
**charts** [1] - 6:15
**Cherry** [1] - 3:7
**Chicago** [2] - 2:4, 2:13
**chief** [1] - 8:24
**Chief** [3] - 17:22, 17:25, 20:15
**choose** [1] - 7:17
**Circuit** [2] - 13:13, 13:20
**circumstances** [2] - 15:6, 18:9
**circumvent** [1] - 7:1
**cited** [7] - 13:14, 13:24, 14:2, 14:7, 15:9, 15:10, 16:21
**citing** [2] - 7:10, 13:6
**Cityfront** [1] - 2:13
**Civil** [1] - 6:10
**CIVIL** [1] - 1:3
**claim** [6] - 4:23, 6:15, 11:13, 12:4, 14:12
**Claim** [6] - 8:20, 8:23, 9:4, 9:5, 9:12, 10:14
**claimed** [1] - 11:3
**Claims** [12] - 8:23, 9:1, 9:3, 9:5, 9:8, 9:16, 10:5, 10:12, 10:16, 10:19, 10:23, 16:2
**claims** [2] - 9:7, 9:8
**classic** [1] - 14:3
**clear** [6] - 6:17, 6:21, 14:2, 15:20, 18:3, 23:12
**clearly** [1] - 23:10
**close** [3] - 18:4, 21:3, 21:11
**Cockcroft** [5] - 4:20, 9:18, 11:6, 11:14, 11:16
**Cockcroft's** [1] - 11:4
**cognizant** [1] - 20:4

**COHEN** [1] - 3:6
**COLLEEN** [1] - 1:17
**Columbia** [1] - 2:23
**combination** [5] - 14:9, 15:1, 15:13, 16:18, 16:4
**combinations** [6] - 14:6, 14:9, 14:13, 14:20, 15:14, 16:17
**Commencing** [1] - 1:10
**comment** [1] - 11:19
**Commerce** [1] - 3:6
**complete** [3] - 10:9, 23:14, 23:16
**completion** [2] - 4:17, 18:15
**complexities** [1] - 20:23
**compound** [13] - 17:22, 18:7, 18:12, 18:17, 20:14, 20:17, 21:3, 21:8, 21:12, 22:13, 23:18, 23:19, 25:8
**computer** [1] - 1:24
**computer-aided** [1] - 1:24
**concerns** [2] - 13:5, 24:1
**confer** [1] - 26:4
**conference** [3] - 5:24, 19:5, 19:18
**conferring** [1] - 18:13
**confirmed** [2] - 4:7, 17:8
**connected** [1] - 21:19
**connection** [1] - 26:3
**consensus** [2] - 18:20, 21:20
**conservative** [1] - 6:15
**consider** [2] - 20:7, 20:12
**considered** [1] - 13:21
**construction** [3] - 12:5, 12:15, 16:9
**contained** [1] - 7:8
**contemplated** [1] - 18:17
**content** [2] - 5:14, 6:4
**contention** [2] - 6:4, 26:3
**contentions** [47] - 4:25, 5:14, 5:16, 5:17, 5:20, 6:6, 6:8, 6:16, 6:18, 6:22, 7:3, 7:6, 7:9, 7:10, 7:13, 8:2, 8:11, 8:22, 9:3, 9:7, 9:11, 9:15, 10:3,

10:6, 10:12, 10:14, 10:15, 11:1, 11:9, 11:14, 11:17, 11:22, 12:3, 12:6, 12:7, 12:13, 12:17, 12:19, 13:5, 13:8, 14:15, 14:17, 15:9, 15:11, 15:19, 17:1
**contents** [1] - 7:7
**context** [1] - 16:12
**CONTINUED** [2] - 2:1, 3:1
**control** [2] - 17:13, 19:3
**coordinated** [1] - 23:4
**copy** [2] - 19:1, 20:8
**CORPORATION** [1] - 1:4
**correct** [1] - 26:21
**correctly** [1] - 17:24
**correspondence** [1] - 19:2
**COSNER** [1] - 2:15
**counsel** [4] - 4:2, 4:8, 17:7, 25:17
**couple** [1] - 22:21
**course** [3] - 18:21, 22:10, 24:21
**COURT** [1] - 1:1
**court** [2] - 5:2, 20:16
**Court** [6] - 1:22, 7:14, 18:24, 25:14, 25:17, 26:23
**Court's** [7] - 4:12, 7:24, 14:22, 15:23, 17:7, 25:24, 26:17
**COVID-19** [4] - 18:6, 18:11, 22:22, 23:16
**create** [1] - 15:7
**crisis** [1] - 17:11
**CRR** [1] - 26:23
**crystallize** [2] - 8:6, 21:8
**CT** [1] - 2:20
**current** [1] - 17:11

---

## D

**Date** [1] - 26:25
**date** [9] - 17:12, 19:8, 19:9, 19:11, 19:16, 19:22, 22:15, 25:3
**dates** [2] - 19:12, 24:17
**DC** [3] - 3:4, 3:10, 3:14
**deadline** [2] - 20:4, 25:15
**deadlines** [1] - 19:23
**deal** [2] - 15:3, 25:18
**DEANNE** [1] - 2:2

**Deanne** [1] - 24:7
**decided** [2] - 20:10, 23:1
**DECIDING** [1] - 1:5
**decision** [4] - 20:15, 21:10, 21:11, 25:24
**decisions** [1] - 7:19
**defendant** [2] - 11:6, 20:14
**Defendant** [12] - 2:4, 2:7, 2:10, 2:14, 2:17, 2:21, 2:24, 3:4, 3:8, 3:11, 3:14, 3:17
**defendants** [39] - 4:11, 5:15, 7:6, 7:9, 8:20, 8:25, 9:3, 9:6, 9:10, 9:14, 10:11, 10:15, 11:8, 11:13, 11:21, 11:24, 12:5, 12:7, 12:12, 12:13, 12:18, 13:3, 13:5, 13:9, 14:13, 14:16, 14:17, 14:19, 15:8, 15:15, 15:16, 15:18, 16:6, 20:13, 20:20, 21:18, 25:9, 25:12, 26:2
**Defendants** [1] - 1:8
**defendants'** [38] - 4:10, 4:13, 4:24, 5:5, 5:6, 5:7, 5:20, 7:5, 7:6, 7:7, 7:8, 8:22, 9:23, 9:25, 10:1, 10:5, 10:15, 10:21, 11:1, 11:17, 11:19, 12:3, 12:10, 12:17, 12:22, 13:7, 13:12, 14:1, 14:25, 15:10, 15:11, 15:25, 16:3, 16:8, 16:13, 16:15, 17:1, 17:4
**DEFENDANTS'** [1] - 1:7
**defense** [16] - 9:16, 9:19, 9:20, 10:4, 10:12, 10:20, 10:23, 12:12, 12:16, 12:22, 14:1, 16:1, 16:4, 16:9, 16:13, 16:15
**defenses** [2] - 7:11, 9:24
**defining** [1] - 9:7
**definitions** [1] - 10:2
**delaying** [2] - 22:6, 23:5
**delightful** [1] - 26:7
**denied** [6] - 8:14, 14:2, 16:13, 16:17, 16:22, 16:24
**departure** [1] - 22:19

**dependent** [1] - 9:4
**depositions** [2] - 25:1, 25:2
**description** [8] - 8:18, 8:20, 8:21, 9:2, 9:16, 10:4, 10:12, 10:22
**designed** [1] - 6:15
**desire** [1] - 19:17
**determine** [1] - 7:4
**differences** [1] - 25:11
**different** [8] - 8:17, 14:7, 16:22, 17:11, 21:16, 22:21, 23:1, 23:9
**diligently** [1] - 25:13
**direct** [2] - 19:2, 20:8
**directed** [2] - 4:11, 11:20
**directly** [1] - 13:13
**disclosed** [16] - 8:8, 8:20, 12:13, 12:16, 14:6, 14:10, 14:13, 14:24, 15:2, 15:4, 15:17, 15:22, 16:17, 16:21, 17:1
**disclosure** [4] - 8:3, 14:19, 26:2, 26:4
**disclosures** [2] - 6:8, 10:10
**discovery** [8] - 4:6, 11:20, 11:23, 11:24, 12:1, 18:10, 18:15, 24:15
**discussed** [1] - 8:13
**discusses** [1] - 5:9
**discussing** [1] - 18:6
**discussion** [4] - 7:24, 12:25, 15:5, 23:14
**discussions** [5] - 7:15, 18:18, 20:3, 22:11, 22:15
**dispute** [4] - 6:2, 7:12, 8:10, 12:22
**disputes** [2] - 11:25, 12:1
**DISTRICT** [2] - 1:1, 1:1
**District** [3] - 6:25, 7:20, 7:22
**divided** [2] - 5:4, 14:5
**DKT** [1] - 1:6
**Docket** [3] - 4:9, 5:23, 14:11
**Doctors** [1] - 4:20
**documents** [7] - 6:5, 6:8, 6:18, 6:19, 13:1, 16:12, 24:25
**Dohme** [1] - 6:24
**done** [4] - 19:18, 22:5, 22:7, 24:3

**door** [1] - 15:15
**doubtful** [1] - 19:5
**Drive** [1] - 2:13
**Dupont** [1] - 13:12
**during** [1] - 22:10

**E**

**Eagleview** [2] - 7:19, 8:9
**early** [4] - 8:2, 8:7, 8:11
**East** [2] - 2:17, 2:20
**easy** [1] - 10:18
**Eckhardt** [5] - 4:20, 9:18, 13:5, 14:14, 15:14
**Eckhardt's** [1] - 12:23
**effect** [2] - 18:7, 25:7
**EMANUEL** [1] - 1:17
**enabled** [2] - 11:10, 11:18
**enablement** [3] - 8:19, 10:24, 16:4
**end** [1] - 24:22
**endeavor** [1] - 7:4
**endeavoring** [1] - 20:5
**enter** [1] - 20:15
**entered** [4] - 4:7, 15:25, 17:8, 17:25
**entitled** [1] - 26:22
**era** [1] - 23:16
**ERIC** [1] - 2:9
**ESCANLAR** [1] - 2:22
**especially** [1] - 15:18
**ESQUIRE** [22] - 1:14, 1:17, 1:18, 1:18, 1:19, 2:2, 2:6, 2:9, 2:12, 2:12, 2:15, 2:16, 2:19, 2:19, 2:22, 3:2, 3:3, 3:6, 3:9, 3:12, 3:13, 3:16
**essentially** [3] - 12:12, 18:1, 21:16
**establish** [1] - 8:2
**et** [3] - 1:4, 1:7, 20:4
**Etter** [2] - 14:23, 16:18
**evidence** [14] - 7:10, 11:7, 13:4, 13:7, 13:10, 13:15, 13:17, 13:21, 13:25, 16:25, 18:4, 21:3, 21:11
**EWING** [1] - 1:14
**except** [3] - 4:11, 16:17, 16:24
**exchanged** [1] - 6:9
**excuse** [1] - 11:21
**expand** [1] - 13:22
**expect** [1] - 26:1
**expert** [27] - 4:10,

4:13, 4:19, 4:23, 5:20, 5:22, 6:20, 6:21, 6:23, 7:2, 7:5, 9:18, 10:22, 12:10, 14:25, 15:10, 15:25, 16:8, 16:15, 17:3, 17:4, 17:6, 18:10, 24:15, 24:16, 25:2
**EXPERT** [1] - 1:7
**experts** [5] - 4:23, 7:7, 16:3, 16:6, 24:24
**explain** [2] - 13:15, 13:22
**explicitly** [2] - 9:1, 9:21
**extensive** [1] - 4:15
**extent** [4] - 4:12, 11:14, 11:21, 22:16
**extrinsic** [5] - 13:4, 13:15, 13:17, 13:21, 13:25

**F**

**F.2d** [1] - 13:20
**F.3d** [1] - 13:13
**face** [1] - 17:11
**fact** [2] - 7:8, 7:9
**failure** [1] - 11:22
**fairness** [1] - 23:3
**far** [1] - 18:18
**Farm** [1] - 2:6
**favor** [3] - 11:12, 12:9, 13:12
**feasible** [1] - 22:22
**February** [4] - 4:20, 5:21, 7:23
**Fed** [2] - 13:13, 13:20
**Federal** [1] - 6:10
**filed** [5] - 5:15, 5:17, 5:23, 6:9, 24:15
**filings** [1] - 20:16
**final** [8] - 5:24, 19:4, 19:9, 19:13, 19:18, 19:23, 24:4, 24:18
**fine** [2] - 15:7, 19:14
**first** [3] - 9:20, 20:12, 20:24
**five** [1] - 16:14
**FLASTER** [1] - 3:5
**FLAX** [1] - 2:6
**flexible** [3] - 19:11, 19:12, 19:21
**Florham** [1] - 2:23
**follows** [2] - 14:23, 15:24
**FOR** [1] - 1:1
**force** [1] - 19:17
**foregoing** [1] - 26:21
**form** [2] - 12:8, 14:18

**forms** [3] - 11:2, 16:5, 16:7
**FORSATZ** [1] - 1:19
**forth** [7] - 5:11, 5:13, 8:1, 9:1, 9:21, 13:7, 15:24
**four** [4] - 16:11, 18:3, 21:2, 21:11
**FOX** [1] - 3:9
**freely** [1] - 6:11
**Friedlander** [2] - 1:22, 26:23
**friedlanderreporter @gmail.com** [1] - 1:22
**front** [1] - 20:6
**full** [3] - 8:3, 10:9, 11:10
**fulsome** [2] - 8:10, 10:9
**future** [1] - 19:16

**G**

**gander** [1] - 26:12
**general** [6] - 5:4, 5:10, 6:1, 10:2, 10:7, 12:21
**GILSON** [1] - 2:11
**given** [3] - 6:11, 24:24, 25:7
**GOLDSTEIN** [1] - 3:9
**goose** [1] - 26:11
**governed** [1] - 6:6
**granted** [2] - 6:13, 8:14
**great** [1] - 25:25
**greatly** [1] - 26:17
**GREENBERG** [1] - 3:5
**Greenwich** [1] - 2:20
**guess** [3] - 20:23, 22:21, 26:13

**H**

**hampered** [1] - 18:10
**HAND** [1] - 2:15
**hands** [1] - 25:21
**happy** [1] - 18:22
**heading** [2] - 10:13, 10:19
**hear** [5] - 23:6, 23:7, 24:11, 24:12, 24:13
**heard** [3] - 21:22, 21:23, 22:19
**held** [2] - 4:15, 26:1
**hemihydrate** [7] - 11:3, 11:5, 11:8, 12:4, 12:9, 16:6, 16:10

**herein** [2] - 7:16, 7:25
**HERSHY** [1] - 3:3
**hi** [1] - 4:2
**highlights** [1] - 14:11
**HILL** [1] - 2:8
**Hill** [1] - 3:7
**Honor** [15] - 17:20, 17:21, 17:24, 18:21, 19:25, 20:11, 21:22, 22:9, 23:11, 24:7, 24:8, 24:14, 25:22, 26:16, 26:18
**HONORABLE** [1] - 1:11
**hoops** [1] - 9:23
**hope** [1] - 26:13
**hopefully** [1] - 23:25
**Horizon** [1] - 7:21
**Hubbard** [1] - 2:3
**huge** [1] - 25:3
**hundred** [1] - 17:13
**hydrate** [2] - 12:25, 16:11

**I**

**i.e** [1] - 11:17
**ice** [2] - 22:25, 23:13
**ideally** [1] - 24:18
**identified** [1] - 6:19
**identify** [2] - 6:18, 9:23
**IL** [1] - 2:13
**Illinois** [1] - 2:4
**impact** [1] - 22:6
**impermissibly** [1] - 6:22, 7:5
**improperly** [1] - 4:24
**INC** [1] - 1:7
**include** [3] - 9:15, 15:15, 18:21
**included** [3] - 7:3, 9:3, 9:8
**includes** [1] - 10:5
**including** [1] - 7:2
**incorporated** [3] - 7:15, 7:25, 9:10
**incorporation** [3] - 10:2, 10:6, 10:7
**incorporations** [1] - 9:13
**indefinite** [6] - 10:14, 12:4, 12:8, 12:10, 12:14, 16:9
**indefiniteness** [2] - 8:19, 12:2
**inferences** [1] - 9:23
**infinite** [1] - 15:15
**information** [2] - 5:10, 8:4

**infringement** [1] - 6:4
**inquired** [1] - 17:21
**instead** [3] - 10:15, 13:4, 13:6
**instructive** [1] - 13:14
**intended** [1] - 10:11
**intending** [1] - 18:19
**interest** [1] - 22:4
**internal** [2] - 13:1, 16:12
**interpret** [1] - 13:17
**invalid** [1] - 9:1
**invalidity** [12] - 4:24, 5:5, 5:16, 6:5, 8:16, 9:16, 9:19, 10:3, 10:6, 10:22, 15:11, 16:1
**Invalidity** [1] - 10:19
**involved** [1] - 19:7
**involves** [1] - 5:12
**issue** [12] - 5:21, 11:12, 11:24, 14:4, 14:5, 14:11, 14:21, 17:9, 22:24, 23:6, 24:25
**issues** [10] - 7:12, 20:12, 22:22, 23:1, 23:2, 23:7, 24:5, 24:23, 25:18, 26:4

## J

**JAMES** [5] - 1:17, 2:12, 2:19, 3:16, 26:16
**Janssen's** [2] - 13:1, 16:12
**JEFFREY** [1] - 3:6
**Jeffrey** [2] - 14:23, 16:18
**JERSEY** [1] - 1:1
**Jersey** [3] - 6:25, 7:20, 7:22
**Jersey's** [1] - 10:8
**JOEL** [1] - 1:11
**joint** [2] - 5:16, 11:1
**JOSEPH** [1] - 3:9
**JOSHUA** [1] - 2:12
**JOVIAL** [1] - 3:12
**JUDGE** [1] - 1:12
**judge** [1] - 23:1
**Judge** [22] - 4:2, 4:4, 17:13, 17:16, 17:18, 17:22, 17:25, 18:14, 18:20, 19:2, 19:10, 20:1, 20:8, 20:9, 20:15, 21:20, 22:23, 22:25, 23:3, 23:10, 24:1, 24:22
**June** [11] - 5:17, 5:25,

6:1, 17:12, 18:11, 19:5, 19:19, 22:13, 22:14, 22:18, 22:23
**justice** [1] - 6:11
**justify** [1] - 11:21

## K

**Karen** [3] - 1:22, 4:3, 26:23
**KASOWITZ** [1] - 3:2
**KATHERINE** [1] - 2:22
**keep** [1] - 19:23
**KESSLER** [1] - 3:9
**KIM** [1] - 3:9
**kind** [1] - 18:19
**knowledge** [2] - 14:8, 15:13

## L

**Laboratories** [1] - 7:22
**Labs** [3] - 3:8, 3:11, 13:20
**last** [3] - 15:12, 17:5, 24:21
**late** [3] - 11:23, 12:20, 22:11
**Laughter** [1] - 25:19
**launch** [3] - 21:2, 21:9, 21:15
**Laurus** [2] - 3:8, 3:11
**law** [2] - 5:9, 6:1
**leading** [1] - 25:11
**least** [1] - 20:18
**leave** [1] - 25:20
**LEHR** [1] - 1:14
**letter** [2] - 10:8, 14:10
**LETTER** [1] - 1:6
**light** [5] - 13:18, 17:16, 18:11, 20:23
**likewise** [1] - 10:14
**limited** [2] - 11:13, 15:21
**LIN** [1] - 3:13
**Line** [3] - 11:11, 12:15, 13:11
**line** [1] - 15:7
**lines** [1] - 21:18
**LIONE** [1] - 2:11
**listen** [1] - 19:4
**litigate** [1] - 8:5
**litigation** [3] - 5:11, 8:7, 8:11
**live** [1] - 25:2
**lived** [1] - 14:16
**LLC** [2] - 2:22, 3:15
**LLP** [6] - 1:14, 1:17, 2:8, 2:18, 3:2, 3:12

**local** [5] - 6:3, 6:4, 7:2, 8:1, 8:10
**Local** [6] - 5:1, 5:13, 6:6, 6:20, 10:8, 13:9
**loops** [1] - 9:23
**lose** [1] - 24:10
**love** [1] - 22:7
**Ltd** [2] - 3:8, 3:11
**Lupin** [3] - 2:4, 2:7, 24:14
**Lupin's** [1] - 25:5

## M

**Madison** [1] - 1:19
**MAGISTRATE** [1] - 1:12
**manner** [1] - 23:15
**MARC** [1] - 2:16
**MARCH** [1] - 1:5
**March** [7] - 4:9, 4:25, 5:15, 5:18, 5:23, 12:17, 14:10
**MARK** [1] - 2:12
**market** [4] - 18:2, 20:15, 20:21, 22:4
**Markman** [3] - 12:15, 12:18, 12:19
**Martinsville** [1] - 3:16
**material** [1] - 23:5
**matter** [2] - 4:8, 26:22
**MATTES** [1] - 1:18
**Mazzochi** [3] - 24:7, 24:13, 25:23
**MAZZOCHI** [8] - 2:2, 2:2, 24:7, 24:10, 24:12, 25:22, 26:8, 26:15
**mean** [2] - 20:25, 23:12
**meaning** [1] - 13:22
**means** [1] - 22:18
**meant** [1] - 13:19
**mechanical** [1] - 1:24
**meet** [1] - 26:4
**MELISSA** [1] - 2:6
**Merck** [1] - 6:24
**merit** [1] - 15:5
**MIDLIGE** [1] - 3:15
**might** [1] - 23:18
**mind** [1] - 25:18
**mind-numbing** [1] - 25:18
**misled** [1] - 10:19
**MITSUBISHI** [1] - 1:3
**MOLINO** [1] - 2:2
**Monday** [2] - 24:6, 26:14
**Monsanto** [2] - 13:12, 13:16

**month** [1] - 24:22
**months** [3] - 18:3, 21:2, 21:11
**MOORE** [1] - 2:19
**most** [2] - 22:3, 25:12
**move** [2] - 4:22, 24:16
**moved** [3] - 12:6, 12:18, 19:22
**moves** [1] - 19:10
**MR** [7] - 17:20, 19:25, 20:11, 21:12, 21:25, 22:9, 23:11
**MS** [7] - 24:7, 24:10, 24:12, 25:22, 26:8, 26:15, 26:16
**MSN** [2] - 3:14, 3:17
**must** [5] - 6:5, 6:19, 6:23, 7:4, 7:12

## N

**N.W** [2] - 3:10, 3:13
**nature** [1] - 25:5
**near** [1] - 22:14
**necessarily** [2] - 20:10, 22:18
**need** [8] - 21:19, 22:13, 23:20, 23:21, 24:3, 25:3, 25:6, 25:10
**needs** [1] - 23:10
**NEILON** [1] - 2:19
**never** [1] - 12:6
**nevertheless** [1] - 9:2
**NEW** [1] - 1:1
**New** [7] - 1:20, 3:3, 3:10, 6:25, 7:20, 7:22, 10:8
**new** [5] - 11:21, 13:6, 14:12, 15:4, 16:16
**Newark** [1] - 1:15
**next** [1] - 8:15
**nice** [1] - 25:16
**NIMROD** [1] - 1:18
**NJ** [7] - 1:15, 2:7, 2:10, 2:17, 2:23, 3:7, 3:17
**NO** [1] - 1:6
**noted** [7] - 4:23, 5:22, 7:1, 7:24, 8:9, 13:16, 17:24
**nothing** [3] - 23:13, 26:9, 26:14
**notice** [2] - 8:4, 14:20
**notify** [1] - 10:4
**November** [2] - 5:19, 7:21
**nowhere** [1] - 12:3
**nuanced** [1] - 10:25
**number** [1] - 15:16

**NUMBER** [1] - 1:3
**numbing** [1] - 25:18
**NW** [1] - 3:3
**NY** [1] - 1:20

## O

**object** [1] - 7:8
**objecting** [1] - 14:14
**objection** [2] - 23:5, 23:8
**obviate** [2] - 23:20, 23:21
**obviously** [8] - 5:11, 5:13, 17:10, 17:23, 20:6, 21:6, 25:24, 26:1
**obviousness** [3] - 5:6, 14:4, 16:15
**OF** [2] - 1:1, 1:7
**offered** [1] - 13:15
**Official** [1] - 1:22
**OLSTEIN** [1] - 2:5
**once** [2] - 8:8, 20:11
**one** [20] - 5:5, 7:7, 8:18, 14:5, 14:23, 16:16, 17:9, 17:13, 20:12, 20:13, 22:1, 22:16, 22:22, 22:23, 23:9, 24:15, 24:18, 24:23, 25:15, 26:10
**One** [2] - 1:15, 15:25
**ongoing** [2] - 18:18, 20:3
**opinion** [5] - 4:5, 4:8, 4:16, 14:2, 17:7
**OPINION** [1] - 1:5
**opinions** [4] - 7:14, 7:17, 7:18, 8:1
**oral** [8] - 4:15, 4:16, 4:17, 5:3, 11:11, 12:13, 14:2, 17:7
**ORAL** [1] - 1:5
**order** [16] - 4:7, 5:2, 8:6, 15:24, 17:5, 17:8, 17:25, 18:12, 19:10, 19:13, 19:18, 19:21, 19:23, 20:4, 21:1, 24:4
**ordered** [3] - 17:2, 17:5, 17:13
**ordinary** [6] - 11:1, 11:4, 11:7, 13:19, 14:8, 16:4
**otherwise** [2] - 6:19, 20:21
**ought** [2] - 19:2, 23:6
**overseas** [1] - 24:23

## P

**P.C** [1] - 2:5
**p.m** [3] - 1:10, 4:1, 26:19
**Page** [9] - 9:7, 9:11, 10:15, 11:11, 12:15, 13:11, 13:13, 13:20, 14:10
**paragraph** [1] - 12:10
**Park** [1] - 2:23
**part** [3] - 6:14, 8:14
**PARTIES** [1] - 4:1
**parties** [19] - 5:3, 5:11, 5:12, 8:2, 8:4, 8:6, 8:10, 13:10, 18:6, 18:10, 18:12, 19:11, 19:17, 20:2, 24:1, 24:14, 24:16, 24:19, 25:1
**parties'** [2] - 5:14, 7:3
**party** [2] - 6:17, 7:1
**party's** [2] - 6:16, 6:22
**Patent** [11] - 5:1, 5:13, 6:3, 6:4, 6:7, 6:12, 6:20, 8:21, 10:8, 10:14, 13:9
**patent** [6] - 5:11, 9:9, 9:17, 16:2, 17:17, 23:21
**patents** [2] - 5:12, 21:16
**PC** [1] - 3:5
**percent** [1] - 17:13
**perfect** [2] - 14:17, 14:18
**perfectly** [1] - 19:14
**period** [1] - 25:4
**permitted** [1] - 15:8
**person** [7] - 11:1, 11:4, 11:7, 13:19, 14:8, 16:4, 19:6
**perspective** [1] - 25:5
**PHARMA** [2] - 1:3, 1:7
**Pharma** [1] - 7:21
**philosophy** [1] - 6:14
**phone** [1] - 19:6
**phrase** [1] - 12:8
**piece** [1] - 13:10
**place** [3] - 17:12, 21:2, 22:18
**Plaintiff** [2] - 1:16, 1:20
**plaintiff** [2] - 7:8, 11:10
**Plaintiffs** [1] - 1:5
**plaintiffs** [34] - 4:22, 4:23, 5:5, 5:6, 5:7, 5:16, 5:19, 8:17, 8:20, 9:14, 9:22,

10:1, 10:18, 10:24, 10:25, 11:3, 12:3, 12:4, 12:24, 13:2, 14:12, 14:14, 14:20, 15:7, 15:14, 17:21, 20:18, 20:19, 22:3, 23:12, 23:19, 25:12, 26:1, 26:5
**PLAINTIFFS'** [1] - 1:5
**plaintiffs'** [27] - 4:6, 4:9, 4:18, 5:4, 5:12, 5:21, 8:13, 8:14, 8:15, 8:24, 11:12, 11:20, 11:22, 12:5, 12:9, 13:25, 14:10, 14:15, 15:8, 15:19, 16:11, 16:14, 16:16, 16:20, 16:23, 17:3, 20:24
**Plaza** [2] - 1:15, 2:13
**point** [4] - 13:14, 22:16, 22:17, 23:17
**pointed** [1] - 22:3
**polymorph** [2] - 23:20, 23:21
**portion** [1] - 4:13
**PORTIONS** [1] - 1:7
**portions** [14] - 4:10, 4:22, 5:22, 6:23, 9:18, 10:21, 15:9, 15:25, 16:3, 16:8, 16:14, 16:20, 17:2, 17:4
**POSA** [5] - 15:13, 15:20, 16:7, 16:24
**position** [6] - 20:24, 22:12, 23:9, 23:18, 25:6
**possibility** [1] - 23:22
**possible** [2] - 8:11, 22:5
**postponed** [1] - 25:4
**postponement** [1] - 17:17
**postponing** [1] - 23:5
**posture** [1] - 25:7
**potential** [1] - 20:7
**potentially** [1] - 18:8
**preparation** [3] - 19:9, 19:13, 24:4
**prepare** [1] - 19:14
**prepared** [1] - 4:19
**present** [8] - 5:24, 7:18, 14:18, 18:20, 18:23, 21:6, 21:20, 24:18
**presenting** [1] - 25:14
**presently** [1] - 5:25
**pressing** [1] - 22:3
**pretrial** [8] - 5:24,

19:4, 19:10, 19:13, 19:18, 19:23, 20:4, 24:4
**prevent** [1] - 6:16
**prevents** [1] - 18:1
**previous** [1] - 7:14
**previously** [7] - 14:6, 14:24, 15:1, 15:3, 15:22, 16:17, 16:21
**primarily** [1] - 7:18
**Princeton** [1] - 2:10
**principles** [1] - 6:2
**problem** [1] - 19:15
**procedural** [2] - 25:7, 25:9
**Procedure** [1] - 6:10
**proceed** [2] - 8:12, 17:23
**Proceedings** [1] - 1:24
**proceedings** [1] - 26:22
**process** [2] - 7:14, 24:17
**produce** [2] - 6:18, 11:22
**produced** [3] - 1:24, 6:5, 6:19
**product** [6] - 11:15, 11:17, 16:7, 21:15, 22:2, 22:4
**proffered** [1] - 13:16
**progress** [1] - 24:20
**proposal** [1] - 22:13
**propose** [1] - 20:2
**proposed** [3] - 18:14, 22:14, 25:15
**provides** [1] - 8:3
**providing** [1] - 11:6
**provisos** [2] - 14:16, 14:22
**purports** [1] - 11:14
**purpose** [4] - 7:13, 14:7, 15:4, 16:22
**purposes** [2] - 7:18, 14:18
**pursuant** [2] - 5:2, 6:20
**pushed** [1] - 19:16
**put** [8] - 4:5, 14:17, 14:19, 20:25, 21:1, 22:25, 23:13, 23:23
**Putnam** [1] - 2:20

## Q

**quickly** [1] - 25:7
**QUINN** [1] - 1:17
**quite** [2] - 24:20, 25:13

## R

**raise** [1] - 11:24
**raised** [1] - 12:1
**raising** [1] - 11:25
**RAKOCZY** [1] - 2:2
**ramifications** [1] - 20:20
**rather** [1] - 13:25
**RAYMOND** [1] - 1:18
**re** [1] - 13:20
**read** [2] - 4:8, 4:17
**reading** [1] - 25:24
**ready** [2] - 4:5, 23:16
**really** [2] - 14:14, 25:16
**reason** [2] - 21:25, 22:6
**reasonable** [1] - 23:25
**reasons** [1] - 25:9
**REBECCA** [1] - 2:15
**rebut** [1] - 17:3
**received** [1] - 4:15
**recently** [1] - 22:20
**recognition** [1] - 25:3
**record** [3] - 4:6, 4:17, 26:22
**recorded** [1] - 1:24
**refer** [1] - 16:1
**reference** [6] - 7:16, 7:25, 9:10, 10:2, 13:18, 13:23
**referenced** [1] - 17:17
**references** [23] - 13:1, 13:2, 13:3, 13:14, 13:24, 14:3, 14:5, 14:7, 14:9, 14:12, 14:20, 14:23, 15:10, 15:16, 15:19, 15:21, 16:12, 16:16, 16:18, 16:21, 16:25, 17:1
**referred** [1] - 10:16
**referring** [2] - 10:22, 15:9
**refers** [2] - 9:12, 15:21
**regard** [1] - 19:21
**regarding** [3] - 4:6, 14:1, 16:4
**regardless** [2] - 21:13, 23:18
**regulatory** [1] - 20:16
**rejected** [1] - 11:23
**related** [3] - 17:17, 20:12, 22:2
**relating** [1] - 22:2
**relatively** [1] - 10:18
**relevant** [4] - 6:23, 9:12, 10:21, 12:10
**relies** [2] - 12:25, 16:25

**rely** [2] - 7:18, 16:25
**REMUS** [1] - 2:12
**reply** [1] - 24:16
**report** [7] - 6:20, 6:21, 6:23, 9:18, 9:19, 11:4, 12:23
**Reporter** [1] - 1:22
**REPORTER** [1] - 4:4
**Reporter/ Transcriber** [1] - 26:23
**REPORTS** [1] - 1:7
**reports** [20] - 4:10, 4:13, 4:19, 4:23, 5:20, 5:23, 7:2, 7:5, 7:7, 10:22, 12:11, 14:25, 15:10, 15:25, 16:3, 16:8, 16:15, 17:3, 17:4, 24:16
**request** [5] - 16:11, 16:14, 16:16, 16:20, 16:23
**require** [4] - 8:2, 8:3, 8:10, 13:10
**required** [5] - 5:13, 6:3, 6:8, 9:24, 10:8
**requirement** [1] - 8:22
**requirements** [1] - 7:13
**requires** [2] - 5:1, 6:11
**requiring** [1] - 10:9
**rescheduled** [1] - 18:5
**respect** [1] - 8:23
**respectful** [1] - 24:1
**respond** [2] - 15:8, 22:10
**responded** [2] - 5:16, 5:19
**response** [1] - 13:3
**RESPONSE** [1] - 26:18
**responses** [1] - 11:20
**result** [1] - 7:4
**RICHTER** [2] - 3:15, 3:16
**Ridge** [1] - 3:17
**ripe** [1] - 18:23
**Riverfront** [1] - 1:15
**RMR** [1] - 26:23
**Road** [3] - 2:6, 2:9, 3:16
**Roseland** [1] - 2:7
**Roszel** [1] - 2:9
**Route** [1] - 2:16
**Rule** [7] - 5:1, 6:3, 6:4, 6:7, 6:10, 6:12, 6:20
**rule** [1] - 6:7
**ruled** [1] - 13:14
**rules** [7] - 7:2, 8:2, 8:3, 8:10, 11:12,

*13:12, 26:10*
**Rules** [3] - 5:13, 10:8, 13:9
**ruling** [8] - 4:12, 4:13, 7:12, 12:18, 12:19, 14:22, 17:8, 20:22
**rulings** [2] - 5:10, 15:23
**rush** [1] - 25:10

## S

**safe** [1] - 26:13
**SAIBER** [1] - 2:22
**Sandoz** [7] - 2:10, 2:14, 4:12, 4:14, 5:18, 6:24, 17:6
**Sandoz's** [5] - 5:17, 5:20, 10:6
**sands** [1] - 6:16
**satisfy** [1] - 8:21
**SAUL** [1] - 1:14
**schedule** [3] - 18:13, 23:24, 24:18
**scheduled** [4] - 5:25, 17:24, 19:5
**scheduling** [1] - 19:3
**Schneider** [1] - 4:2
**SCHNEIDER** [1] - 1:11
**scope** [1] - 11:10
**second** [4] - 9:21, 12:21, 15:3, 22:24
**Section** [5] - 5:5, 8:15, 9:11, 10:20, 16:1
**see** [10] - 6:23, 10:14, 10:18, 11:10, 12:15, 13:10, 13:19, 25:13, 26:3, 26:5
**seek** [1] - 13:2
**SEEKING** [1] - 1:6
**seeking** [1] - 5:22
**sense** [2] - 20:19, 23:15
**September** [1] - 5:18
**sequenced** [1] - 22:1
**serve** [1] - 8:10
**served** [5] - 4:20, 4:25, 5:21, 10:11, 12:17
**set** [10] - 5:10, 5:13, 8:1, 9:1, 9:21, 13:7, 15:24, 17:12, 19:8, 26:10
**settled** [1] - 25:17
**several** [2] - 9:12, 25:9
**shall** [1] - 15:2
**SHARON** [1] - 3:13
**Sharp** [1] - 6:24
**shed** [1] - 13:18
**shifting** [1] - 6:16

**showing** [2] - 6:13, 11:9
**shy** [1] - 11:25
**sides** [2] - 23:6, 23:7
**silent** [1] - 8:22
**simply** [5] - 7:10, 11:6, 11:9, 11:23, 12:24
**situation** [1] - 18:7
**SIWIK** [1] - 2:2
**skill** [6] - 11:2, 11:4, 11:7, 13:19, 14:8, 16:5
**solely** [1] - 17:3, 19:3
**Solutions** [1] - 7:20
**somewhat** [1] - 18:8
**soon** [2] - 22:5, 22:7
**sooner** [1] - 22:4
**sorry** [1] - 24:8
**sort** [2] - 17:15, 21:18
**specifically** [3] - 8:25, 10:16, 10:20
**spirit** [1] - 10:8
**standards** [1] - 26:2
**statements** [1] - 10:3
**STATES** [2] - 1:1, 1:12
**status** [1] - 18:25
**stenography** [1] - 1:24
**STERN** [1] - 3:3
**STERNE** [1] - 3:9
**STEVEN** [1] - 2:19
**still** [4] - 21:7, 21:8, 21:10, 24:8
**STRAWN** [1] - 3:12
**Street** [2] - 2:3, 3:13
**stricken** [10] - 6:23, 10:23, 14:25, 15:2, 16:2, 16:6, 16:10, 16:19, 17:3, 17:4
**strike** [9] - 4:10, 4:22, 5:22, 13:2, 16:11, 16:14, 16:16, 16:20, 16:23
**STRIKE** [1] - 1:6
**strikes** [3] - 4:12, 9:17, 12:9
**stringent** [1] - 6:12
**subject** [1] - 11:15
**submission** [3] - 18:21, 19:9, 20:1
**submissions** [2] - 17:6, 23:3
**submit** [1] - 13:10
**subsection** [3] - 14:9, 15:3, 15:12
**subsections** [2] - 8:18, 14:5
**substance** [1] - 14:15
**sufficient** [1] - 14:19
**sufficiently** [1] - 9:15

**suggesting** [1] - 23:12
**Suite** [5] - 1:15, 2:3, 2:16, 2:23, 3:3
**SULLIVAN** [1] - 1:17
**sum** [1] - 15:23
**summarized** [1] - 15:24
**supplemental** [1] - 5:20
**supplemented** [1] - 5:18
**support** [2] - 13:7, 13:16
**supporting** [1] - 7:10
**suppose** [1] - 19:4

## T

**TANABE** [1] - 1:3
**Technologies** [1] - 7:19
**TELEPHONE** [1] - 4:1
**term** [4] - 9:6, 12:4, 12:5, 12:8
**terms** [2] - 19:12, 25:11
**testify** [2] - 11:14, 11:16
**testimony** [1] - 11:15
**THE** [2] - 1:1, 1:11
**The court** [51] - 4:2, 4:4, 4:5, 4:9, 4:15, 5:9, 6:2, 7:4, 7:12, 7:17, 8:1, 8:9, 8:12, 8:15, 9:14, 9:17, 9:22, 9:24, 10:1, 10:24, 11:12, 11:19, 12:9, 12:21, 13:11, 13:14, 13:24, 14:4, 14:15, 14:18, 15:5, 15:18, 19:1, 20:6, 20:9, 21:6, 21:24, 22:21, 24:3, 24:9, 24:10, 24:11, 24:18, 25:16, 25:20, 25:23, 25:25, 26:6, 26:7, 26:9
**theories** [2] - 8:7, 8:8
**theory** [2] - 13:6, 13:7
**therefore** [7] - 4:12, 6:17, 9:17, 12:16, 13:1, 14:24, 15:23
**they've** [1] - 21:14
**thinking** [1] - 19:4
**third** [3] - 10:11, 12:2, 15:12
**three** [8] - 5:4, 5:7, 8:17, 8:19, 14:5, 14:7, 16:8, 16:23
**Thursday** [1] - 1:10

**tied** [1] - 21:13
**timely** [3] - 8:3, 8:11, 23:15
**timing** [3] - 5:14, 6:3, 17:10
**TO** [1] - 1:6
**today** [3] - 18:24, 23:19, 25:24
**together** [1] - 21:13
**top** [1] - 9:11
**TORRES** [1] - 3:2
**TRACY** [1] - 1:17
**transcript** [5] - 1:24, 11:10, 12:15, 13:11, 26:21
**transcription** [1] - 1:24
**Travenol** [1] - 13:20
**Trevor** [1] - 21:23
**TREVOR** [1] - 3:2
**trial** [23] - 5:25, 17:12, 17:23, 18:4, 18:14, 18:15, 19:8, 19:11, 19:15, 19:21, 19:22, 21:3, 22:14, 22:18, 22:19, 22:23, 23:6, 23:16, 23:20, 23:22, 25:3
**tried** [1] - 22:25
**trouble** [1] - 26:6
**true** [2] - 6:14, 8:6
**try** [8] - 18:11, 20:10, 22:13, 23:25, 24:18, 25:6, 26:4, 26:8
**trying** [5] - 17:17, 24:17, 24:24, 25:4, 25:13
**Turnpike** [1] - 2:23
**turns** [4] - 10:24, 12:21, 14:4, 19:10
**two** [11] - 5:6, 7:9, 7:24, 8:18, 14:6, 14:16, 14:22, 16:3, 16:20, 22:1, 23:1
**type** [1] - 10:6

## U

**ultimately** [1] - 22:2
**unambiguous** [1] - 10:9
**unanimous** [1] - 18:9
**under** [5] - 6:12, 10:19, 15:6, 18:9, 23:15
**underlying** [1] - 25:12
**understood** [1] - 22:14
**UNITED** [2] - 1:1, 1:12
**unless** [2] - 20:21,

*21:10*
**unlike** [1] - 6:10
**unworkable** [1] - 18:9
**up** [3] - 19:13, 20:17, 21:18
**update** [1] - 18:25
**URQUHART** [1] - 1:17
**USA** [1] - 1:7

## V

**validity** [1] - 14:15
**various** [1] - 4:19
**versus** [3] - 6:24, 7:19, 13:12
**VIA** [1] - 4:1
**via** [1] - 6:20
**view** [1] - 22:5
**violates** [1] - 5:1
**volume** [1] - 24:25

## W

**wait** [1] - 21:11
**WALLACK** [1] - 2:8
**wants** [1] - 22:23
**Washington** [2] - 3:4, 3:14
**washington** [1] - 3:10
**Watson** [1] - 7:21
**week** [1] - 24:21
**Welch** [1] - 21:23
**WELCH** [3] - 3:2, 21:22, 21:25
**West** [2] - 2:3, 3:7
**Westlaw** [3] - 6:24, 7:20, 7:22
**WILLIAM** [1] - 1:14
**win** [1] - 23:19
**WINSTON** [1] - 3:12
**WITHERS** [1] - 2:18
**Wolfson** [4] - 17:18, 17:22, 17:25, 20:15
**Wolfson's** [2] - 20:9, 22:25
**WONG** [1] - 3:12
**worded** [1] - 10:13
**words** [1] - 11:9
**world** [2] - 14:17, 17:11
**wrapping** [1] - 20:17
**written** [8] - 4:7, 8:18, 8:19, 8:21, 9:2, 10:4, 10:12, 10:22

## X

**Xactware** [1] - 7:19

## Y

**yesterday** [1] - 22:11
**York** [3] - 1:20, 3:3,
3:10
**YOUNGELSON** [2] -
2:15, 2:16

## Z

**Zydus** [9] - 2:24, 3:4,
18:1, 21:1, 21:23,
22:3, 22:12, 23:9,
25:13
**Zydus's** [1] - 23:18