# Exhibit GG

Charles M. Lizza
William C. Baton
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Mitsubishi Tanabe Pharma Corp.,*
*Janssen Pharmaceuticals, Inc.,*
*Janssen Pharmaceutica NV,*
*Janssen Research and Development, LLC,*
*and Cilag GmbH International*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MITSUBISHI TANABE PHARMA CORPORATION, JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA NV, JANSSEN RESEARCH AND DEVELOPMENT, LLC, and CILAG GMBH INTERNATIONAL,<br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA USA, INC., *et al.,*<br><br>Defendants. | Civil Action No. 17-5005 (PGS)(DEA)<br>Civil Action No. 17-5135 (PGS)(DEA)<br>Civil Action No. 17-5278 (PGS)(DEA)<br>Civil Action No. 17-5302 (PGS)(DEA)<br>Civil Action No. 17-7342 (PGS)(DEA)<br>Civil Action No. 17-13130 (PGS)(DEA)<br>Civil Action No. 18-292 (PGS)(DEA) |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF JOINT REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1–126)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Mitsubishi Tanabe

Pharma Corp. ("MTPC"), Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Pharmaceutica NV

("JNV"), Janssen Research and Development, LLC ("JRD"), and Cilag GmbH International

("Cilag") (collectively, "Plaintiffs") hereby object and respond to Defendants' First Set of Joint Requests for the Production of Documents and Things (Nos. 1–126) as set forth below.

## GENERAL RESPONSES

1.    Plaintiffs' responses to Defendants' First Set of Rule 34 Requests are made to the best of Plaintiffs' present knowledge, information, and belief.  These responses are at all times subject to such additional or different information that discovery or further investigation may disclose.  Plaintiffs reserve the right to make any use of, or to introduce at any hearing and trial, information and/or documents responsive to Defendants' document requests, but discovered subsequent to the date of these responses, including, but not limited to, any such information or documents obtained in discovery herein.

2.    Plaintiffs' statement that they "will produce" documents means that Plaintiffs will produce any documents in their possession, custody, or control based upon a reasonable search, and does not constitute a representation that such documents exist.

3.    Plaintiffs' investigation into the potential existence of materials responsive to Defendants' requests is ongoing and, if found, Plaintiffs reserve the right to withhold documents responsive to any of Defendants' requests on the basis of any their general or specific objections.

4.    Plaintiffs reserve all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of Plaintiffs' responses herein and any document or thing identified or provided in response to Defendants' requests.

5.    Plaintiffs reserve the right to object on any ground at any time to such other or supplemental requests as Defendants may at any time propound involving or relating to the subject matter of these requests.

6.      Plaintiffs incorporate each of the following General Objections and Objections to Defendants' Definitions and Instructions into each of its responses to each of Defendants' requests and reserve the right to withhold responsive materials on the bases of each such Objection, whether or not expressly referred to in each such response.

7.      Plaintiffs reserve the right to supplement their answers, objections, or production if Plaintiffs uncover additional documents or information appropriately called for by Defendants' requests.

## GENERAL OBJECTIONS

Plaintiffs make the following objections, whether or not separately set forth in response to each request, to each of Defendants' instructions, definitions, and requests to the extent that they:

1.      Are directed to matters that are not relevant to the subject matter at issue in this action and the burden of discovery respecting those matters is disproportionate to the needs of this litigation;

2.      Seek information, documents, or things that are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit;

3.      Seek information or documents protected by the attorney-client privilege, work-product doctrine, or any other privilege, immunity, or protection afforded by law.  Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents;

4.      Seek information or documents already known to Defendants or available to Defendants from documents in Defendants' own files or from other sources;

5.      Are duplicative, vague, ambiguous, overly broad, or unduly burdensome;

6.      Seek to assign meaning to words different from their plain and ordinary meaning;

7.      Seek information or documents that are not in Plaintiffs' possession, custody, or control;

8.      Seek information or documents subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Plaintiffs are required to protect or maintain the confidentiality of any third party's information or documents.  Inadvertent disclosure of any confidential information or documents shall not operate as a waiver of any applicable confidentiality protection or obligation;

9.      Are unlimited in scope as to time; or

10.     Attempt to impose obligations upon Plaintiffs that are not required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other applicable authority.

## OBJECTIONS TO DEFENDANTS' DEFINITIONS AND INSTRUCTIONS

1.      Plaintiffs object to the definition of "the '202 patent" to the extent it refers to any patent or patent application other than U.S. Patent No. 8,513,202.  Plaintiffs also object to the definition of "the '202 patent" as overly broad, unduly burdensome, and neither relevant nor proportionate to the needs of the case, including, but not limited to, the extent it involves patents and/or other issues that are irrelevant to any claim or defense in the above-captioned cases.

2.      Plaintiffs object to the definition of "the '582 patent" to the extent it refers to any patent or patent application other than U.S. Patent No. 7,943,582.  Plaintiffs also object to the definition of "the '582 patent" as overly broad, unduly burdensome, and neither relevant nor

4

proportionate to the needs of the case, including, but not limited to, the extent it involves patents and/or other issues that are irrelevant to any claim or defense in the above-captioned cases.

3.      Plaintiffs object to the definitions of "analyses" "date," "describe," "development," and "identify" as vague and ambiguous. Plaintiffs also object to the extent that they seek to impose obligations upon Plaintiffs that are not required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other applicable authority.

4.      Plaintiffs object to the definitions of "communication" and "document,"  to the extent that they seek to impose obligations upon Plaintiffs that are not required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other applicable authority.

5.      Plaintiffs object to the definition of "concerning" to the extent that it seeks to impose obligations upon Plaintiffs that are not required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other applicable authority.

6.      Plaintiffs object to the definition of "Current litigation" as vague and ambiguous. Plaintiffs also object to the definition of "Current litigation," as overly broad, unduly burdensome, and as neither relevant nor proportionate to the needs of the case, including, but not limited to, the extent it involves patents and/or other issues that are irrelevant to any claim or defense in the above-captioned cases.

7.      Plaintiffs object to the definition of "person" as vague and ambiguous. Plaintiffs also object to the definition of "person" as overly broad, unduly burdensome, and as neither relevant nor proportionate to the needs of the case, including, but not limited to, the extent it involves entities that are irrelevant to any claim or defense in the above-captioned cases.

8.      Plaintiffs object to the definition of "Plaintiffs" to the extent that it refers to any person or entity other than MTPC, JPI, JNV, JRD, and Cilag.

9.    Plaintiffs object to the definition of "Prior Art" to the extent that it requires

Plaintiffs to interpret Defendants' understanding as to "all categories of documents, information,

events, and circumstances described in 35 U.S.C. §§ 102-103," and because the term as defined

is overly broad and nonsensical.

10.    Plaintiffs object to the instructions to the extent that they seek to impose

obligations upon Plaintiffs that are not required by the Federal Rules of Civil Procedure, the

Local Civil Rules, or any other applicable authority.

## RESPONSES TO REQUESTS

### REQUEST NO. 1:

All documents, communications, and things concerning the research, development,
and/or testing of any product allegedly covered by or described in the Patents-in-Suit, including,
without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting
minutes, and all test data, including preclinical and clinical testing data, animal modeling data,
experimental results, data obtained by analytical techniques, and all conclusions based thereon.

### RESPONSE TO REQUEST NO. 1:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and is directed generally to "[a]ll documents, communications, and things" concerning "any

product allegedly covered by or described in the Patents-in-Suit."   Plaintiffs also object to this

request as improperly calling for a legal conclusion and/or expert testimony.  Plaintiffs also

object to this request as vague and ambiguous, and as failing to particularly set forth the

information sought by requesting information about "all test data."  Plaintiffs also object to this

6

request to the extent that it seeks discovery of any third party's confidential information.

Plaintiffs also object to this request as seeking documents and things protected by the Health

Insurance Portability and Accountability Act of 1996 ("HIPAA") and to the extent that

compliance with HIPAA for the documents and things sought by this request would be unduly

burdensome. Plaintiffs also object to this request to the extent the information sought is not

within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the

extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local

Civil Rules and the schedule agreed to by the parties and adopted by the Court.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce copies of the Patents-in-Suit, the file histories for the Patents-in-Suit, and

documents evidencing conception and reduction to practice of the inventions claimed in the

Patents-in-Suit, to the extent such documents are not protected from disclosure based on any

applicable privilege or immunity. Plaintiffs do not intend to produce any other documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 2:

All documents, communications, and things concerning the Patents-in-Suit, including, without limitation, all documents and communications concerning:

    (a)    the patentability of any alleged invention or subject matter claimed or disclosed therein, including all correspondence, memoranda, presentations, studies, prior-art searches, the results of any prior-art searches, and any report based on the prior-art searches;

    (b)    the inventorship or any alleged invention or subject matter claimed or disclosed therein, including all documents concerning the contribution of each Named Inventor to any such invention;

    (c)    the conception, development, and reduction to practice of any alleged invention or subject matter claimed or disclosed therein, including all invention disclosures, laboratory notebook entries, reports, memoranda, analyses, and meeting minutes related thereto;

(d)     the preparation of the applications that resulted in the Patents-in-Suit and any domestic and foreign patent applications related thereto, including all documents reviewed, considered, relied upon, or referenced by the patent attorney(s) or agent(s), Named Inventors, or anyone else involved in preparing such applications;

(e)     the prosecution of the applications that resulted in the Patents-in-Suit and any domestic and foreign patent applications related thereto, including all file wrappers and prosecution histories, and all applications, documents, and communications sent to or received from any third party, including the PTO, the Named Inventors, any patent agent or attorney, any prior-art researcher, and any person who authored a declaration submitted under 37 C.F.R. 1.132;

(f)     any opposition (including oppositions to foreign counterparts), litigation, reissues, reexaminations, *inter partes* review, interferences, or any other proceedings relating to the validity, enforceability, infringement, and/or extension of the Patents-in-Suit;

(g)     Plaintiffs' purchase, licensing, and/or acquisition of any ownership interest in or other rights to the Patents-in-Suit, including documents sufficient to show the current ownership of the Patents-in-Suit, documents sufficient to identify all persons involved in the acquisition of any interest in or other rights to the Patents-in-Suit by Plaintiffs, and documents and communications concerning any due diligence performed with respect to such acquisition, including any valuations of the Patents-in-Suit; and

(h)     Plaintiffs' decision(s) to list, and to continue listing, the Patents-in-Suit in the Orange Book.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope, seeks information generally directed to "[a]ll documents, communications, and things concerning the Patents-in-Suit," does not concern disputed issues in this case,  and seeks information directed to patents or patent applications other than the Patents-in-Suit.  Plaintiffs also object to this request as vague and ambiguous to the extent it relies on Defendants'

8

undefined terms: "patentability," "inventorship," "any domestic and foreign patent applications

related thereto," "opposition," and "due diligence." Plaintiffs also object to this request to the

extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs

also object to this request to the extent that it seeks a legal conclusion and/or expert testimony,

and to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in

the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court.

Plaintiffs also object to this request as unduly burdensome as Defendants are no more burdened

by the task of retrieving publicly available documents than are Plaintiffs. Plaintiffs also object to

this request as duplicative of at least Request Nos. 1, 4, and 5.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce copies of the Patents-in-Suit, the file histories for the Patents-in-Suit, and

documents evidencing conception and reduction to practice of the inventions claimed in the

Patents-in-Suit, to the extent such documents are not protected from disclosure based on any

applicable privilege or immunity. Plaintiffs do not intend to produce any other documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 3:**

All documents authored by any Named Inventor concerning the subject matter of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request as vague and ambiguous as to the term

"subject matter of the Patents-in-Suit."  Plaintiffs also object to this request as improperly calling

for a legal conclusion and/or expert testimony.  Plaintiffs also object to this request as unduly

burdensome as Defendants are no more burdened by the task of retrieving publicly available

documents than are Plaintiffs.  Plaintiffs also object to this request as overly broad and unduly

burdensome to the extent that it is directed to "[a]ll documents" regarding the requested subject

matter.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 4:**

All documents and communications relating to the identity of individuals who allegedly
conceived of, and/or reduced to practice or assisted in the reduction to practice of, the inventions
or subject matter claimed in the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern disputed issues in this case. Plaintiffs also object to this request as vague and ambiguous as to the terms "inventions or subject matter claimed in the Patents-in-Suit." Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" related to the recited subject matter. Plaintiffs also object to this request to the extent that it seeks a legal conclusion and/or expert testimony. Plaintiffs also object to this request as unduly burdensome as Defendants are no more burdened by the task of retrieving publicly available documents than are Plaintiffs. Plaintiffs also object to this request as duplicative of at least Request Nos. 2 and 5.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will produce copies of the Patents-in-Suit and the file histories for the Patents-in-Suit. Plaintiffs will also conduct a reasonable search for and, if found, produce documents evidencing conception and reduction to practice of the inventions claimed in the Patents-in-Suit, to the extent such documents are not protected from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to produce any other documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 5:**

All documents and communications relating to the contributions of any of the Named Inventors and other individuals to any invention of the claims of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and

because the burden and expense to Plaintiffs in responding to this request outweighs any likely

benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and

scope and does not concern disputed issues in the case.   Plaintiffs also object to this request as

vague and ambiguous as to the terms "invention of the claims of the Patents-in-Suit" and

"contributions."  Plaintiffs also object to this request as overly broad and unduly burdensome to

the extent that it is directed to "[a]ll documents and communications" related to the recited

subject matter.  Plaintiffs also object to this request to the extent that it seeks a legal conclusion

and/or expert.  Plaintiffs also object to this request to the extent that it prematurely seeks expert

discovery before the date provided for in the Local Patent Rules and the schedule agreed to by

the parties and adopted by the Court.  Plaintiffs also object to this request as duplicative of at

least Request Nos. 2 and 4.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request,  Plaintiffs do not intend to produce any documents

in response to this request as currently drafted.  Plaintiffs are willing to meet and confer

regarding this request.

**REQUEST NO. 6:**

All communications between and among the Named Inventors pertaining to the conception
and/or reduction to practice of the inventions of the claims of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern disputed issues in the case. Plaintiffs also object to this

request as vague and ambiguous as to the term "inventions of the claims of the Patents-in-Suit."

Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it

is directed to "[a]ll communications" related to the recited subject matter. Plaintiffs also object

to this request as improperly calling for a legal conclusion and/or expert testimony. Plaintiffs

also object to this request as duplicative of at least Request Nos. 2,4, and 7.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce communications between the named inventors of the patents-in-suit concerning

the conception and reduction to practice of the inventions claimed in the Patents-in-Suit, to the

extent that any such documents are not protected from disclosure based on any applicable

privilege or immunity. Plaintiffs do not intend to produce any other documents in response to

this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 7:

All communications between and among the Named Inventors pertaining to the subject matter of
the claims of the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 7:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request as vague and ambiguous as to the term

"subject matter of the claims of the Patents-in-Suit."  Plaintiffs also object to this request as

overly broad and unduly burdensome to the extent that it is directed to "[a]ll communications"

related to the recited subject matter.  Plaintiffs also object to this request as duplicative of at least

Request Nos. 2,4, and 6.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 8:

All documents and communications that constitute, refer, or relate to the first disclosure to
anyone of the subject matter claimed in the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 8:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern any disputed issues in the case.  Plaintiffs also object to this

request as vague and ambiguous as to the terms "the first disclosure," "anyone," and "subject

matter claimed in the Patents-in-Suit."  Plaintiffs also object to this request as improperly calling

for a legal conclusion and/or expert testimony.  Plaintiffs also object to this request as overly

broad and unduly burdensome to the extent that it is directed to "[a]ll documents and

communications" relating to the recited subject matter.  Plaintiffs also object to this request as

unduly burdensome as Defendants are no more burdened by the task of retrieving publicly

available documents than are Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 9:

All documents and communications that refer to or relate to the first use of a product embodying
the subject matter claimed in the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 9:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope, and does not concern any disputed issues in the case.  Plaintiffs also object to

this request as vague and ambiguous as to the terms "the first use," "a product emboyding," and

"subject matter claimed in the Patents-in-Suit."  Plaintiffs also object to this request as

improperly calling for a legal conclusion and/or expert testimony.  Plaintiffs also object to this

request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll

documents and communications" relating to the recited subject matter.  Plaintiffs also object to

this request as unduly burdensome as Defendants are no more burdened by the task of retrieving

publicly available documents than are Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 10:**

All document or thing supporting, refuting, or relating to your contention that you are entitled to
injunctive relief.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and is directed to any patents other than the Patents-in-Suit or claims other than the asserted

claims. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent

that it is directed to "[a]ll document or thing" relating to the recited subject matter, and to the

extent that it relates to any patents other than the patents-in-suit or any claims other than the

asserted claims. Plaintiffs also object to this request to the extent that it seeks a legal conclusion

and/or expert testimony, and to the extent that it prematurely seeks Plaintiffs' contentions before

the date provided for in the Local Civil Rules and the schedule agreed to by the parties and

adopted by the Court.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce nonprivileged documents responsive to this request that relate to the asserted claims of the patents-in-suit.

## REQUEST NO. 11:

Documents and things sufficient to identify the first time each of the methods claimed in the Patents-in-Suit were first performed: (a) in a research setting; (b) privately; and (c) publicly.

### RESPONSE TO REQUEST NO. 11:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issues in the case.  Plaintiffs also object to this request as vague and ambiguous as to the terms "the first time," "each of the methods claimed," "first performed," "research setting," "privately," and "publicly."  Plaintiffs also object to this request as improperly calling for a legal conclusion and/or expert testimony.  Plaintiffs also object to this request as unduly burdensome as Defendants are no more burdened by the task of retrieving publicly available documents than are Plaintiffs.  Plaintiffs also object to this request as duplicative of at least Request Nos. 8 and 9.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 12:**

Documents and things sufficient to identify the first manufacture, first sale, first offer for sale,
first importation, and first public disclosure of any canagliflozin product.

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope, and is directed generally to "any canagliflozin product" and does not concern

any disputed issues in the case.  Plaintiffs also object to this request as vague and ambiguous as

to the terms "first manufacture," "first sale," "first offer for sale," "first importation," and "first

public disclosure."  Plaintiffs also object to this request to the extent that it seeks discovery of

any third party's confidential information.  Plaintiffs also object to this request to the extent the

information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object

to this request to the extent that it seeks a legal conclusion and/or expert testimony, and to the

extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local

Civil Rules and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also

object to this request as duplicative of at least Request Nos. 8.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 13:**

Documents and things sufficient to identify each person who was or is involved in the sale or
purchase of Invokana® or Invokamet®.

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern issues in dispute in this case. Plaintiffs also object to this

request as overly broad and unduly burdensome to the extent that it seeks information concerning

the identification of "each person who was or is involved in" the requested subject matter.

Plaintiffs also object to this request as vague and ambiguous as to the term "involved in" and

"the sale or purchase." Plaintiffs also object to this request as duplicative of at least Request No.

14.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 14:**

Documents and things sufficient to identify each person who was or is involved in the marketing or offering for sale of Invokana® or Invokamet®.

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern issues in dispute in this case. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it seeks information concerning the identification of "each person who was or is involved in" the requested subject matter. Plaintiffs also object to this request as vague and ambiguous as to the term "involved in" and "the marketing or offering for sale." Plaintiffs also object to this request as duplicative of at least Request No. 13.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 15:**

All documents and communications concerning the validity of any claim of the Patents-in-Suit or the enforceability of the Patents-in-Suit, including, without limitation, all correspondence, memoranda, presentations, studies, prior-art searches, and the results of any prior-art searches.

**RESPONSE TO REQUEST NO. 15:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent it is directed to any claims other than the asserted claims of the Patents-in-Suit. Plaintiffs also object to this request as improperly calling for a legal conclusion and/or expert testimony. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" related to the recited subject matter. Plaintiffs also object to this request as vague and ambiguous to the extent that it relies on Defendants' objectionable definition of "prior art." Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court. Plaintiffs also object to this request as duplicative of at least Request No. 16.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for, and if found, produce copies of documents evidencing the conception and reduction to practice of the claimed inventions, to the extent that any such documents are not protected from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to produce any other documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

21

**REQUEST NO. 16:**

All prior art relating to any Patent-in-Suit (whether or not such prior art was disclosed to the PTO), including, without limitation, (1) any prior art identified during any prior-art search conducted by Plaintiffs or on its behalf; (2) any prior art identified or made known to Plaintiffs by any third party; (3) all internal documents and communications concerning any prior art identified or made known to the Plaintiffs; and (4) any prior art identified by any party in the Current Litigation.

**RESPONSE TO REQUEST NO. 16:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "any prior art" and "[a]ll prior art" related to the recited subject matter. Plaintiffs also object to this request as vague and ambiguous to the extent that it relies on Defendants' objectionable definition of "prior art." Plaintiffs also object to this request as improperly calling for a legal conclusion and/or expert testimony. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request as duplicative of at least Request No 15.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for, and if

found, produce prior art to the patents-in-suit within Plaintiffs' possession, custody, or control.

Plaintiffs do not intend to produce any other documents in response to this request as currently

drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 17:**

All publications and manuscripts prepared by Plaintiffs for publication (and all published versions, if applicable) concerning canagliflozin, whether such publications and manuscripts were submitted for publication in this or any other country, including drafts and submissions thereof.

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern any disputed issue in the case.  Plaintiffs also object to this

request as seeking publicly available information that is at least as accessible to Defendants as it

is to Plaintiffs.  Plaintiffs also object to this request as overly broad and unduly burdensome to

the extent that it is directed to "[a]ll publications and manuscripts" concerning the recited subject

matter.  Plaintiffs also object to this request as duplicative of at least Request No 18.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 18:**

All documents, communications, and things relating to the first publication of any clinical trials concerning canagliflozin.

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and does not concern any disputed issue in the case. Plaintiffs also object to this request as vague and ambiguous as to the term "first publication." Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" and "any clinical trials" concerning the recited subject matter. Plaintiffs also object to this request as seeking documents and things protected by HIPAA and to the extent that compliance with HIPAA for the documents and things sought by this request would be unduly burdensome. Plaintiffs also object to this request as duplicative of at least Request No 17.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 19:**

All documents, communications, and things relating to any examples, including Examples 1 and 2, in the Patents-in-Suit, including, without limitation, data (including records of clinical data or analyses of clinical data), reports, protocols, analyses, analytical data, and summaries for each example, and laboratory notebooks.

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things relating to" the recited subject matter. Plaintiffs also object to this request as seeking documents and things protected by HIPAA and to the extent that compliance with HIPAA for the documents and things sought by this request would be unduly burdensome. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request as duplicative of at least Request No. 44.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, will produce copies of the Patents-in-Suit, the file histories for the Patents-in-Suit, and documents evidencing conception and reduction to practice of the inventions claimed in the Patents-in-Suit, to the extent such documents are not protected from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to produce any other documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 20:

All documents that Plaintiffs contend evince the skills and/or qualifications of a person of
ordinary skill in the art pertaining to the Patents-in-Suit, including, without limitation, (1) the
educational level of the Named Inventors; (2) the type of problems encountered in the art; (3) the
prior art solutions to those problems; (4) the rapidity with which innovations are made; (5) the
sophistication of the technology; and (6) the educational level of active workers in the field.

### RESPONSE TO REQUEST NO. 20:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request as overly broad and unduly burdensome to

the extent that it is directed to "[a]ll documents" related to the recited subject matter.  Plaintiffs

also object to this request to the extent that it seeks a legal conclusion and/or expert testimony,

and to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in

the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court.

Plaintiffs also object to this request as seeking publicly available information that is at least as

accessible to Defendants as it is to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce documents on which it intends to rely concerning the level of skill in the art for

the Patents-in-Suit.  Plaintiffs do not intend to produce any other documents in response to this request.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 21:**

All documents that Plaintiffs contend evince the lack of skills and/or qualifications of one failing to meet a person of ordinary skill in the art pertaining to the Patents-in-Suit, including, without limitation, (1) the educational level of the Named Inventors; (2) the type of problems encountered in the art; (3) the prior art solutions to those problems; (4) the rapidity with which innovations are made; (5) the sophistication of the technology; and (6) the educational level of active workers in the field.

**RESPONSE TO REQUEST NO. 21:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and is directed to information that is supposed to show a "lack" of or the absence of the requested subject matter.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents" related to the recited subject matter.  Plaintiffs also object to this request to the extent that it seeks a legal conclusion and/or expert testimony, and to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 22:**

Documents and things sufficient to identify all persons involved in any decisions or discussions relating to whether to seek patent claims covering the subject matter of any of the claims of the Patents-in-Suit, including any communications between Plaintiffs and the Named Inventors or any attorney for Plaintiffs and the Named Inventors.

**RESPONSE TO REQUEST NO. 22:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issues in the case. Plaintiffs also object to this request as improperly calling for a legal conclusion and/or expert testimony. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it relates to "all persons involved in any decisions or discussions" relating to the recited subject matter. Plaintiffs also object to this request as vague and ambiguous as to the terms "involved in" and "subject matter of any of the claims of the Patents-in-Suit."

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 23:**

Documents and things sufficient to identify each person who was or is involved in the research and development of any of Plaintiffs' canagliflozin products.

**RESPONSE TO REQUEST NO. 23:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope, and does not concern any disputed issues in the case. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it seeks information concerning the identification of "each person who was or is involved in" the requested subject matter. Plaintiffs also object to this request as vague and ambiguous as to the term "Plaintiffs' canagliflozin products." Plaintiffs also object to this request as duplicative of at least Request Nos. 1 and 2.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 24:**

All prior art submitted to the PTO during prosecution of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 24:**

Plaintiffs object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants. Plaintiffs also object to this request as overly broad and unduly

burdensome to the extent that it is directed to "[a]ll prior art" related to the recited subject matter.

Plaintiffs also object to this request as vague and ambiguous to the extent that it relies on

Defendants' objectionable definition of "prior art."   Plaintiffs also object to this request as

seeking publicly available information that is at least as accessible to Defendants as it is to

Plaintiffs.  Plaintiffs also object to this request to the extent the information sought is not within

Plaintiffs' possession, custody, or control.

  Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for, and if

found, produce prior art to the Patents-in-Suit that is in Plaintiffs' possession, custody, or control.

Plaintiffs do not intend to produce any other documents in response to this request as currently

drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 25:**

All references cited, discussed, or otherwise disclosed in the specification(s) of the Patents-in-
Suit.

  **RESPONSE TO REQUEST NO. 25:**

  Plaintiffs object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants.  Plaintiffs also object to this request as overly broad and unduly

burdensome to the extent that it is directed to "[a]ll references" related to the recited subject

matter.  Plaintiffs also object to this request as seeking publicly available information that is at

least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the

extent the information sought is not within Plaintiffs' possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for, and if found, produce references cited in the specifications of the Patents-in-Suit that is in Plaintiffs' possession, custody, or control. Plaintiffs do not intend to produce any other documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 26:

All documents, communications, and things supporting, refuting, and/or otherwise relating to any secondary considerations (or objective indicia) of nonobviousness concerning the subject matter of the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 26:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request to the extent that it is premature and seeks expert testimony and/or a legal conclusion. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" related to the recited subject matter. Plaintiffs also object to this request as vague and ambiguous as to the terms "supporting, refuting, and/or otherwise relating to" and "subject matter of the Patents-in-Suit." Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by

the parties and adopted by the Court. Plaintiffs also object to this request as duplicative of at

least Request Nos. 27–42.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity. Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely. Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 27:

All documents, communications, and things supporting, refuting, and/or otherwise relating to
any unexpected results achieved by practicing any of the subject matter disclosed in the Patents-
in-Suit.

### RESPONSE TO REQUEST NO. 27:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request to the extent that it is premature and seeks expert

testimony and/or a legal conclusion. Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter. Plaintiffs also object to this request as vague and

ambiguous as to the terms "supporting, refuting, and/or otherwise relating to" and "subject

matter disclosed in the Patents-in-Suit." Plaintiffs also object to this request as seeking publicly

available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs

also object to this request to the extent the information sought is not within Plaintiffs' possession,

custody, or control. Plaintiffs also object to this request to the extent that it prematurely seeks

expert discovery. Plaintiffs also object to this request to the extent that it prematurely seeks

Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule

agreed to by the parties and adopted by the Court. Plaintiffs also object to this request as

duplicative of at least Request Nos. 28-34.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity. Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 28:**

All documents, communications, and things concerning any purported unexpected benefits
pertaining to the administration of a 100mg dose of canagliflozin.

**RESPONSE TO REQUEST NO. 28:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope. Plaintiffs also object to this request to the extent that it is premature and seeks

expert testimony and/or a legal conclusion. Plaintiffs also object to this request as overly broad

and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter.  Plaintiffs also object to this request as vague and

ambiguous as to the terms "purported," "unexpected benefits," and "administration."  Plaintiffs

also object to this request as seeking publicly available information that is at least as accessible

to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent the

information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object

to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also object to

this request as duplicative of at least Request Nos. 27 and 29–34.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

### REQUEST NO. 29:

All documents, communications, and things concerning any purported unexpected benefits
pertaining to the administration of a 300mg dose of canagliflozin.

### RESPONSE TO REQUEST NO. 29:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request to the extent that it is premature and seeks

expert testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad

and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter.  Plaintiffs also object to this request as vague and

ambiguous as to the terms "purported," "unexpected benefits," and "administration."  Plaintiffs

also object to this request as seeking publicly available information that is at least as accessible

to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent the

information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object

to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also object to

this request as duplicative of at least Request Nos. 27, 28 and 30–34.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 30:**

All documents, communications, and things concerning any purported unexpected benefits
pertaining to the administration of a 50mg dose of canagliflozin and 500mg dose of metformin.

**RESPONSE TO REQUEST NO. 30:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope. Plaintiffs also object to this request to the extent that it is premature and seeks expert testimony and/or a legal conclusion. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" related to the recited subject matter. Plaintiffs also object to this request as vague and ambiguous as to the terms "purported," "unexpected benefits," and "administration." Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request as duplicative of at least Request Nos. 27–29 and 31–34.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted patent, and that are not protected from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 31:**

All documents, communications, and things concerning any purported unexpected benefits pertaining to the administration of a 50mg dose of canagliflozin and 1000mg dose of metformin.

**RESPONSE TO REQUEST NO. 31:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope. Plaintiffs also object to this request to the extent that it is premature and seeks expert testimony and/or a legal conclusion. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" related to the recited subject matter. Plaintiffs also object to this request as vague and ambiguous as to the terms "purported," "unexpected benefits," and "administration." Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request as duplicative of at least Request Nos. 27–30 and 32–34.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted patent, and that are not protected from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 32:**

All documents, communications, and things concerning any purported unexpected
benefits pertaining to the administration of a 150mg dose of canagliflozin and 500mg dose of
metformin.

## RESPONSE TO REQUEST NO. 32:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request to the extent that it is premature and seeks

expert testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad

and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter.  Plaintiffs also object to this request as vague and

ambiguous as to the terms "purported," "unexpected benefits," and "administration."  Plaintiffs

also object to this request as seeking publicly available information that is at least as accessible

to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent the

information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object

to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also object to

this request as duplicative of at least Request Nos. 27–31, 33, and 34.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 33:

All documents, communications, and things concerning any purported unexpected
benefits pertaining to the administration of a 150mg dose of canagliflozin and 1000mg dose of
metformin.

### RESPONSE TO REQUEST NO. 33:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request to the extent that it is premature and seeks

expert testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad

and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter.  Plaintiffs also object to this request as vague and

ambiguous as to the terms "purported," "unexpected benefits," and "administration."  Plaintiffs

also object to this request as seeking publicly available information that is at least as accessible

to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent the

information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object

to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also object to

this request as duplicative of at least Request Nos. 27–32 and 34.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 34:

All documents, communications, and things concerning any purported unexpected
benefits pertaining to the administration of about 0.01mg/kg to about 100mg/kg body weight of
canagliflozin.

### RESPONSE TO REQUEST NO. 34:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request to the extent that it is premature and seeks

expert testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad

and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter.  Plaintiffs also object to this request as vague and

ambiguous as to the terms "purported," "unexpected benefits," and "administration."  Plaintiffs

also object to this request as seeking publicly available information that is at least as accessible

to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent the

information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object

to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to

this request as duplicative of at least Request Nos. 27–33.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity. Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 35:**

All documents, communications, and things supporting, refuting, or otherwise relating to
any unexpected properties of any of the subject matter disclosed in the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 35:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request to the extent that it is premature and seeks expert

testimony and/or a legal conclusion. Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter. Plaintiffs also object to this request as vague and

ambiguous as to the terms "supporting, refuting, or otherwise relating to" and "subject matter

disclosed in the Patents-in-Suit." Plaintiffs also object to this request as seeking publicly

available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs

also object to this request to the extent the information sought is not within Plaintiffs' possession,

custody, or control.  Plaintiffs also object to this request to the extent that it prematurely seeks

expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks

Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule

agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as

duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 36:

All documents, communications, and things supporting, refuting, or otherwise relating to
any copying by anyone of the subject matter disclosed in the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 36:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request to the extent that it is premature and seeks expert

testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter.  Plaintiffs also object to this request as vague and

ambiguous as to the terms "supporting, refuting, or otherwise relating to" and "subject matter

disclosed in the Patents-in-Suit."  Plaintiffs also object to this request as seeking publicly

available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs

also object to this request to the extent the information sought is not within Plaintiffs' possession,

custody, or control.  Plaintiffs also object to this request to the extent that it prematurely seeks

expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks

Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule

agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as

duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 37:

All documents, communications, and things supporting, refuting, or otherwise relating to
any criticism by anyone of the subject matter disclosed in the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 37:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request to the extent that it is premature and seeks expert

testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter.  Plaintiffs also object to this request as vague and

ambiguous as to the terms "supporting, refuting, or otherwise relating to" and "subject matter

disclosed in the Patents-in-Suit."  Plaintiffs also object to this request as seeking publicly

available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs

also object to this request to the extent the information sought is not within Plaintiffs' possession,

custody, or control.  Plaintiffs also object to this request to the extent that it prematurely seeks

expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks

Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule

agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as

duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 38:

All documents, communications, and things supporting, refuting, or otherwise relating to
any skepticism by anyone of the subject matter disclosed in the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 38:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request to the extent that it is premature and seeks expert

testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" related to the recited subject matter.  Plaintiffs also object to this request as vague and ambiguous as to the terms "supporting, refuting, or otherwise relating to" and "subject matter disclosed in the Patents-in-Suit."  Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted patent, and that are not protected from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 39:**

All documents, communications, and things supporting, refuting, or otherwise relating to any long-felt, unmet need for any of the subject matter disclosed in the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 39:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

45

law.  Plaintiffs also object to this request to the extent that it is premature and seeks expert

testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter.  Plaintiffs also object to this request as vague and

ambiguous as to the terms "supporting, refuting, or otherwise relating to" and "subject matter

disclosed in the Patents-in-Suit."  Plaintiffs also object to this request as seeking publicly

available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs

also object to this request to the extent the information sought is not within Plaintiffs' possession,

custody, or control.  Plaintiffs also object to this request to the extent that it prematurely seeks

expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks

Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule

agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as

duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 40:**

All documents, communications, and things supporting, refuting, or otherwise relating to
any commercial success by any embodiments of any of the subject matter disclosed in the
Patents-in-Suit.

**RESPONSE TO REQUEST NO. 40:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request to the extent that it premature and seeks expert testimony and/or a legal conclusion. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" related to the recited subject matter. Plaintiffs also object to this request as vague and ambiguous as to the terms "supporting, refuting, or otherwise relating to" and "subject matter disclosed in the Patents-in-Suit." Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court. Plaintiffs also object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted patent, and that are not protected from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 41:**

All documents, communications, and things supporting, refuting, or otherwise relating to
any teaching away from the subject matter disclosed in the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 41:

Plaintiffs object to this request to the extent that it seeks information protected by the
attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by
law.  Plaintiffs also object to this request to the extent that it is premature and seeks expert
testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad and
unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and
things" related to the recited subject matter.  Plaintiffs also object to this request as vague and
ambiguous as to the terms "supporting, refuting, or otherwise relating to" and "subject matter
disclosed in the Patents-in-Suit."  Plaintiffs also object to this request as seeking publicly
available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs
also object to this request to the extent the information sought is not within Plaintiffs' possession,
custody, or control.  Plaintiffs also object to this request to the extent that it prematurely seeks
expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks
Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule
agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as
duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, and to the
extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce
documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to
rely upon in connection with each asserted patent, and that are not protected from disclosure
based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.


**REQUEST NO. 42:**

All documents, communications, and things supporting, refuting, or otherwise relating to
the failure of others regarding the subject matter disclosed in the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 42:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request to the extent that it is premature and seeks expert

testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and

things" related to the recited subject matter.  Plaintiffs also object to this request as vague and

ambiguous as to the terms "supporting, refuting, or otherwise relating to" and "subject matter

disclosed in the Patents-in-Suit."  Plaintiffs also object to this request as seeking publicly

available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs

also object to this request to the extent the information sought is not within Plaintiffs' possession,

custody, or control.  Plaintiffs also object to this request to the extent that it prematurely seeks

expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks

Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule

agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as

duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 43:

All documents that Plaintiffs relied upon or intends to rely upon for purposes of claim
construction in the Current Litigation.

### RESPONSE TO REQUEST NO. 43:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request to the extent that it seeks expert testimony and/or a

legal conclusion.  Plaintiffs also object to this request to the extent that it prematurely seeks

information pertaining to claim construction before the date provided for in the Local Civil Rules

and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also object to this

request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll

documents" concerning the requested subject matter.

Plaintiffs do not intend to produce any documents in response to this request as currently

drafted.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 44:

All documents and communications concerning any test and/or experiment referenced in
the Patents-in-Suit, and the results obtained from those tests and/or experiments, including,
without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting
minutes, and test data related thereto, as well as all information regarding the instrumentation
used to carry out such testing.

<u>**RESPONSE TO REQUEST NO. 44:**</u>

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications concerning" or "all information regarding" the recited subject matter.  Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object to this request as duplicative of at least Request No. 19.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, will produce copies of the Patents-in-Suit, the file histories for the Patents-in-Suit, and documents evidencing conception and reduction to practice of the inventions claimed in the Patents-in-Suit, to the extent such documents are not protected from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any other documents in response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

<u>**REQUEST NO. 45:**</u>

All documents and communications concerning the pharmaceutical composition of Invokana® and/or Invokamet®, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 45:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in this case. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter. Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request as duplicative of at least Request No. 47.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 46:**

All documents and communications concerning any composition testing on any solid form of canagliflozin, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 46:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in the case. Plaintiffs also object to this request as vague and ambiguous as to the terms "any composition testing" and "any solid form of canagliflozin." Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request as duplicative of at least Request No. 48.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 47:**

All documents and communications concerning the formulation of Invokana® and/or Invokamet®, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

## RESPONSE TO REQUEST NO. 47:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern disputed issues in this case. Plaintiffs also object to this

request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll

documents and communications" regarding the requested subject matter. Plaintiffs also object to

this request as vague and ambiguous as to the term "formulation of." Plaintiffs also object to this

request as seeking publicly available information that is at least as accessible to Defendants as it

is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not

within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the

extent that it seeks discovery of any third party's confidential information. Plaintiffs also object

to this request as duplicative of at least Request No. 45.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 48:

All documents and communications concerning any formulation testing on any form of
canagliflozin, including, without limitation, all laboratory notebook entries, reports, memoranda,
analyses, meeting minutes, and test data related thereto, as well as all information regarding the
instrumentation used to carry out such testing.

**RESPONSE TO REQUEST NO. 48:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in the case. Plaintiffs also object to this request as vague and ambiguous as to the terms "any formulation testing" and "any form of canagliflozin." Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request as duplicative of at least Request Nos. 46-47.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 49:**

All documents and communications concerning the dosage(s) used or considered for Invokana® or Invokamet®, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto, as well as all information regarding the instrumentation used to carry out such testing.

**RESPONSE TO REQUEST NO. 49:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern disputed issues in the case.  Plaintiffs also object to this

request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll

documents and communications" regarding the requested subject matter.  Plaintiffs also object to

this request as seeking publicly available information that is at least as accessible to Defendants

as it is to Plaintiffs.  Plaintiffs also object to this request to the extent the information sought is

not within Plaintiffs' possession, custody, or control.  Plaintiffs also object to this request to the

extent that it seeks discovery of any third party's confidential information.  Plaintiffs also object

to this request to the extent that it prematurely seeks expert discovery.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 50:**

All documents and communications concerning any dosage testing on any form of
canagliflozin, including, without limitation, all laboratory notebook entries, reports, memoranda,
analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 50:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in the case. Plaintiffs also object to this request as vague and ambiguous as to the terms "any dosage testing" and "any form of canagliflozin." Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 51:**

All documents and communications concerning the physical properties of Invokana® and/or Invokamet®, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 51:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in the case. Plaintiffs also object to this request as vague and ambiguous as to the terms "physical properties." Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter. Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 52:**

All documents and communications concerning the physical properties of any canagliflozin product, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 52:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern disputed issues in the case. Plaintiffs also object to this

request as vague and ambiguous as to the terms "physical properties" and "any canagliflozin

product." Plaintiffs also object to this request as overly broad and unduly burdensome to the

extent that it is directed to "[a]ll documents and communications" regarding the requested

subject matter as well as to "any canagliflozin product." Plaintiffs also object to this request as

seeking publicly available information that is at least as accessible to Defendants as it is to

Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within

Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that

it seeks discovery of any third party's confidential information. Plaintiffs also object to this

request to the extent that it prematurely seeks expert discovery.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 53:**

All documents and communications concerning the physical properties of any form of
canagliflozin, including, without limitation, all laboratory notebook entries, reports, memoranda,
analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 53:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in the case. Plaintiffs also object to this request as vague and ambiguous as to the terms "physical properties" and "any form of canagliflozin." Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter and "any form of canagliflozin." Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 54:**

All documents, communications, and things concerning any infra-red spectra for Invokana® and/or Invokamet®, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 54:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in the case. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" regarding the requested subject matter and "any infra-red spectra." Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request as duplicative of at least Request No. 55.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 55:**

All documents, communications, and things concerning any infra-red testing, including in mineral oil, on any form of canagliflozin and/or on any canagliflozin product, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 55:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern disputed issues in the case.   Plaintiffs also object to this

request as vague and ambiguous as to the terms "any form of canagliflozin" and "any

canagliflozin product."  Plaintiffs also object to this request as overly broad and unduly

burdensome to the extent that it is directed to "[a]ll documents, communications, and things"

regarding the requested subject matter and to "any infra-red testing" or "any form of

canagliflozin and/or on any canagliflozin product."  Plaintiffs also object to this request to the

extent the information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs

also object to this request to the extent that it seeks discovery of any third party's confidential

information.  Plaintiffs also object to this request to the extent that it prematurely seeks expert

discovery.  Plaintiffs also object to this request as duplicative of at least Request No. 54.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 56:**

All documents, communications, and things concerning any X-ray powder diffraction
data and pattern(s) for Invokana® and/or Invokamet®, including, without limitation, all
laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related

thereto, as well as all information regarding the instrumentation used to carry out such testing.

**RESPONSE TO REQUEST NO. 56:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in the case.   Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" regarding the requested subject matter and "any X-ray powder diffraction data and pattern(s)."   Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information.  Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also object to this request as duplicative of at least Request No. 57.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 57:**

All documents, communications, and things concerning any X-ray powder diffraction testing on any form of canagliflozin and/or on any canagliflozin product, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 57:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern disputed issues in the case. Plaintiffs also object to this

request as vague and ambiguous as to the terms "any form of canagliflozin" and "any

canagliflozin product." Plaintiffs also object to this request as overly broad and unduly

burdensome to the extent that it is directed to "[a]ll documents, communications, and things"

regarding the requested subject matter and to "any X-ray powder diffraction testing" or "any

form of canagliflozin and/or on any canagliflozin product." Plaintiffs also object to this request

to the extent the information sought is not within Plaintiffs' possession, custody, or control.

Plaintiffs also object to this request to the extent that it seeks discovery of any third party's

confidential information. Plaintiffs also object to this request to the extent that it prematurely

seeks expert discovery. Plaintiffs also object to this request as duplicative of at least Request No.

56.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 58:**

All documents and communications concerning the formation, preparation, conversion, stability, detection, characterization, analysis and study ██████████████████████████
██████ ██

### RESPONSE TO REQUEST NO. 58:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope, and does not concern disputed issues in this case. Plaintiffs also object to this request as vague and ambiguous as to the terms ████████████████████ "formation, preparation, conversion, stability, detection, characterization, analysis and study," and "referred to." Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter and to ████████████████ Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request to the extent that it seeks a legal conclusion and/or expert testimony. Plaintiffs also object to this request as duplicative of at least Request Nos. 59-61.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 59:**

███████████████████████████████████████████████████████████

**RESPONSE TO REQUEST NO. 59:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope, and does not concern disputed issues in this case. Plaintiffs also object to this request as vague and ambiguous as to the terms ███████████████████ "formation, preparation, conversion, stability, detection, characterization, analysis and study," and "referred to." Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter and to ███████████████████ Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request to the extent that it

prematurely seeks expert discovery.  Plaintiffs also object to this request to the extent that it

seeks a legal conclusion and/or expert testimony.  Plaintiffs also object to this request as

duplicative of at least Request No. 58.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 60:**

All documents and communications concerning the formation, preparation, conversion,
stability, detection, characterization, analysis and study of any hydrate or non-hydrate form of
canagliflozin, including but not limiting to any hemihydrate of canagliflozin referred to in the
Patents-in-Suit.

**RESPONSE TO REQUEST NO. 60:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope, and does not concern disputed issues in this case.  Plaintiffs also object to this

request as vague and ambiguous as to the terms "any hydrate or non-hydrate form of

canagliflozin," "formation, preparation, conversion, stability, detection, characterization, analysis

and study,"   and "referred to."  Plaintiffs also object to this request as overly broad and unduly

burdensome to the extent that it is directed to "[a]ll documents and communications" regarding

the requested subject matter and to "any hydrate or non-hydrate form of canagliflozin."

Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs'

possession, custody, or control.  Plaintiffs also object to this request to the extent that it seeks

discovery of any third party's confidential information.  Plaintiffs also object to this request to

the extent that it prematurely seeks expert discovery.  Plaintiffs also object to this request to the

extent that it seeks a legal conclusion and/or expert testimony.  Plaintiffs also object to this

request as duplicative of at least Request No. 58.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 61:

All documents and communications concerning the formation, preparation, conversion,
stability, detection, characterization, analysis and study of any form of canagliflozin in the active
pharmaceutical ingredient of Invokana® and/or Invokamet®.

### RESPONSE TO REQUEST NO. 61:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope, and does not concern disputed issues in this case.  Plaintiffs also object to this

request as vague and ambiguous as to the terms "any form of canagliflozin in the active

pharmaceutical ingredient," and "formation, preparation, conversion, stability, detection,

characterization, analysis and study."  Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents and communications"

regarding the requested subject matter and to "any form of canagliflozin."  Plaintiffs also object

to this request to the extent the information sought is not within Plaintiffs' possession, custody,

or control.  Plaintiffs also object to this request to the extent that it seeks discovery of any third

party's confidential information.  Plaintiffs also object to this request to the extent that it

prematurely seeks expert discovery.  Plaintiffs also object to this request to the extent that it

seeks a legal conclusion and/or expert testimony.  Plaintiffs also object to this request as

duplicative of at least Request No. 58.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 62:

All documents and communications concerning the bioequivalency of Invokana® and/or
Invokamet® relative to any other canagliflozin product, including, without limitation, all
laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related
thereto.

## RESPONSE TO REQUEST NO. 62:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern any disputed issues in this case.  Plaintiffs also object to

this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll

documents and communications" regarding the requested subject matter and "any other

canagliflozin product."  Plaintiffs also object to this request to the extent the information sought

is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object to this request to

the extent that it seeks discovery of any third party's confidential information.  Plaintiffs also

object to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also

object to this request as seeking information that is at least as accessible to Defendants as it is to

Plaintiffs.  Plaintiffs also object to this request as duplicative of at least Request No. 63.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 63:

All documents and communications concerning the bioequivalency of any canagliflozin
product relative to any other canagliflozin product, including, without limitation, all laboratory
notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

## RESPONSE TO REQUEST NO. 63:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern any disputed issues in this case.  Plaintiffs also object to

this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll

documents and communications" regarding the requested subject matter, "any canagliflozin

product" and "any other canagliflozin product."  Plaintiffs also object to this request to the extent

the information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also

object to this request to the extent that it seeks discovery of any third party's confidential

information.  Plaintiffs also object to this request to the extent that it prematurely seeks expert

discovery.  Plaintiffs also object to this request as seeking information that is at least as

accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request as duplicative

of at least Request No. 62.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 64:**

All documents and communications concerning any treatment effects of Invokana®
and/or Invokamet®, including, without limitation, all laboratory notebook entries, reports,
memoranda, analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 64:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request as vague and ambiguous as to the term "any

treatment effects."  Plaintiffs also object to this request as overly broad and unduly burdensome

to the extent that it is directed to "[a]ll documents and communications" regarding the requested

subject matter or "any treatment effects."  Plaintiffs also object to this request as seeking publicly

available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs

also object to this request as duplicative of at least Request No. 65.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 65:

All documents and communications concerning any treatment effects of any form of
canagliflozin, without limitation, all laboratory notebook entries, reports, memoranda, analyses,
meeting minutes, and test data related thereto.

### RESPONSE TO REQUEST NO. 65:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request as vague and ambiguous as to the term "any

treatment effects" and "any form of canagliflozin."  Plaintiffs also object to this request as overly

broad and unduly burdensome to the extent that it is directed to "[a]ll documents and

communications" regarding the requested subject matter, "any treatment effects," and "any form

of canagliflozin." Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request as duplicative of at least Request No. 64.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 66:

All documents and communications relating to any off-label prescribing of any canagliflozin product, including Invokana® and Invokamet®.

### RESPONSE TO REQUEST NO. 66:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issues in this case. Plaintiffs also object to this request as vague and ambiguous as to the term "any canagliflozin product." Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications relating to" the recited subject matter, "any off-label prescribing," and "any canagliflozin product." Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential

information.  Plaintiffs also object to this request to the extent that it prematurely seeks expert

discovery.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 67:

All documents and communications relating to any non-prescribed use of any
canagliflozin product, including Invokana® and Invokamet®.

### RESPONSE TO REQUEST NO. 67:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern any disputed issues in this case.  Plaintiffs also object to

this request as vague and ambiguous as to the terms "non-prescribed use" and "any canagliflozin

product."  Plaintiffs also object to this request as overly broad and unduly burdensome to the

extent that it is directed to "[a]ll documents and communications relating to" the recited subject

matter, "any non-prescribed use," and "any canagliflozin product."  Plaintiffs also object to this

request to the extent the information sought is not within Plaintiffs' possession, custody, or

control.  Plaintiffs also object to this request to the extent that it seeks discovery of any third

party's confidential information.  Plaintiffs also object to this request to the extent that it

prematurely seeks expert discovery.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 68:

All documents and communications concerning administration of canagliflozin, in any
form, for the treatment of diabetes mellitus, diabetic retinopathy, diabetic neuropathy, diabetic
nephropathy, delayed wound healing, insulin resistance, hyperglycemia, hyperinsulinemia,
elevated blood levels of fatty acids, elevated blood levels of glycerol, hyperlipidemia, obesity,
hypertriglyceridemia, Syndrome X, diabetic complications, atherosclerosis, and/or hypertension,
including, without limitation, all laboratory notebook entries, reports, memoranda, analyses,
meeting minutes, and test data related thereto.

## RESPONSE TO REQUEST NO. 68:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request as vague and ambiguous as to the term

"administration of canagliflozin" and "in any form."  Plaintiffs also object to this request as

overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and

communications" related to the recited subject matter.  Plaintiffs also object to this request to the

extent the information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs

also object to this request to the extent that it seeks discovery of any third party's confidential

information.  Plaintiffs also object to this request as seeking documents and things protected by

HIPAA and to the extent that compliance with HIPAA for the documents and things sought by

this request would be unduly  burdensome.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 69:

All documents, communications, and things concerning any comparison testing or analysis between different dosages of canagliflozin, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, test methods, and test data related thereto.

### RESPONSE TO REQUEST NO. 69:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issues in this case.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" regarding the recited subject matter and "any comparison testing or analysis" of the recited subject matter.  Plaintiffs also object to this request as vague and ambiguous as to the term "any comparison testing or analysis."   Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information.  Plaintiffs also object to this request as seeking documents and things protected by HIPAA and to the extent that compliance with HIPAA for the

documents and things sought by this request would be unduly burdensome. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request as duplicative of at least Request No. 70.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 70:**

All documents, communications, and things concerning any comparative testing or analysis between Invokana® and/or Invokamet® and any canagliflozin product, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, test methods, and test data related thereto.

**RESPONSE TO REQUEST NO. 70:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern any disputed issues in this case. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents, communications, and things" regarding the recited subject matter, and "any comparative testing or analysis" of "any canagliflozin product." Plaintiffs also object to this

request as vague and ambiguous as to the terms "any comparative testing or analysis" and "any

canagliflozin product."  Plaintiffs also object to this request to the extent the information sought

is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object to this request to

the extent that it seeks discovery of any third party's confidential information.  Plaintiffs also

object to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also

object to this request as seeking publicly available information that is at least as accessible to

Defendants as it is to Plaintiffs.  Plaintiffs also object to this request as duplicative of at least

Request No. 69.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 71:**

All licenses or other agreements, assignments, transfers, liens, or other retention of rights
concerning canagliflozin or any canagliflozin product, including, but not limited to, Invokana®
and Invokamet®.

**RESPONSE TO REQUEST NO. 71:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time, is directed generally to a subject matter that will not make any material fact more or less

likely, and does not concern any disputed issues in this case.  Plaintiffs also object to this request

to the extent that it seeks discovery of any third party's confidential information.  Plaintiffs also

object to this request as overly broad and unduly burdensome to the extent that it is directed to

"all licenses or other agreements, assignments, transfers, liens, or other retention of rights."

Plaintiffs also object to this request as duplicative of at least Request Nos. 72-73 and 75-77.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 72:

All documents and communications concerning the assignment or ownership of the
Patents-in-Suit, including, but not limited to, all assignments, inter- or intra-company transfers,
and agreements related thereto.

### RESPONSE TO REQUEST NO. 72:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time, is directed generally to a subject matter that will not make any material fact more or less

likely, and does not concern any disputed issues in this case.  Plaintiffs also object to this request

to the extent that it seeks discovery of any third party's confidential information.  Plaintiffs also

object to this request as overly broad and unduly burdensome to the extent that it is directed to

"all documents and communications."  Plaintiffs also object to this request to the extent that it

prematurely seeks information before the date provided for in the Local Civil Rules and the

schedule agreed to by the parties and adopted by the Court. Plaintiffs also object to this request

as duplicative of at least Request Nos. 71, 73 and 75-77.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce documents sufficient to show ownership of the patents-in-suit. Plaintiffs do not

intend to produce any other documents in response to this request as currently drafted. Plaintiffs

are willing to meet and confer regarding this request.

## REQUEST NO. 73:

All documents and communications relating to agreements with any company or
companies for the development, sale, marketing, or promotion of any canagliflozin product,
including, but not limited to, any agreements and drafts thereof between the individual Plaintiffs
or their predecessors or any other company that sells, develops, or manufactures Invokana®
and/or Invokamet®.

### RESPONSE TO REQUEST NO. 73:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it does not concern

any disputed issues in this case. Plaintiffs also object to this request to the extent that it seeks

discovery of any third party's confidential information. Plaintiffs also object to this request as

overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and

communications" regarding the requested subject matter and to "any canagliflozin product."

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request  as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 74:**

All employee, consulting, or other agreements relating to any Named Inventor of any of the Patents-in-Suit, or non-United States counterpart of any of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 74:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope, does not concern any disputed issues in this case, and concerns patents other than the patents-in-suit.  Plaintiffs also object to this request as vague and ambiguous as to the terms "other agreements" and "non-United States counterpart."  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent it seeks information relating to "[a]ll employee, consulting, or other agreements" and to any "non-United States counterpart."  Plaintiffs also object to this request to the extent it seeks discovery of any third party's confidential information.  Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 75:**

Documents sufficient to show the relationship between MTPC, JPI, JNV, JRD, and Cilag, including any of their affiliates or predecessor, including any agreements, assignments, assignments, transfers, liens, or other retention of rights concerning canagliflozin or any canagliflozin product, including, but not limited to, Invokana® and Invokamet®.

### RESPONSE TO REQUEST NO. 75:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time, is directed generally to a subject matter that will not make any material fact more or less likely, and does not concern any disputed issues in this case. Plaintiffs also object to this request to the extent that it prematurely seeks information before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court. Plaintiffs also object to this request as duplicative of at least Request Nos. 71-73, 76, and 77.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce documents sufficient to show ownership of the patents-in-suit. Plaintiffs do not intend to produce any other documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 76:**

All documents and communications between and among MTPC, JPI, JNV, JRD, and/or Cilag pertaining to any licensing of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 76:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it does not concern

any disputed issues in this case.  Plaintiffs also object to this request to the extent that it

prematurely seeks information before the date provided for in the Local Civil Rules and the

schedule agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request

as overly broad and unduly burdensome to the extent it seeks "[a]ll documents and

communications" regarding the recited subject matter and "any licensing."  Plaintiffs also object

to this request as duplicative of at least Request Nos. 71-73, 75, and 77.

Subject to and without waiver of the foregoing general and specific objections, and to

the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for

and, if found, produce documents sufficient to show ownership of the patents-in-suit.  Plaintiffs

do not intend to produce any other documents in response to this request as currently drafted.

Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 77:**

All documents and communications between and among MTPC, JPI, JNV, JRD, and/or
Cilag pertaining to any licensing of any canagliflozin product, including Invokana® and
Invokamet®.

**RESPONSE TO REQUEST NO. 77:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it does not concern

any disputed issues in this case.  Plaintiffs also object to this request as overly broad and unduly

burdensome to the extent it seeks "[a]ll documents and communications" regarding the recited

subject matter, "any canagliflozin product," and "any licensing."  Plaintiffs also object to this

request as duplicative of at least Request Nos. 71-73, and 75-76.

Subject to and without waiver of the foregoing general and specific objections, and to

the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any

documents in response to this request as currently drafted.  Plaintiffs are willing to meet and

confer regarding this request.

## REQUEST NO. 78:

All documents and communications between and among MTPC, JPI, JNV, JRD, and/or
Cilag pertaining to any due diligence associated with the licensing of any canagliflozin product
or the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 78:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time, is directed generally to a subject matter that will not make any material fact more or less

likely, and does not concern any disputed issues in this case.  Plaintiffs also object to this request

as overly broad and unduly burdensome to the extent it seeks "[a]ll documents and communications" regarding the recited subject matter, "any due diligence," "any canagliflozin product." Plaintiffs also object to this request as vague and ambiguous as to the term "due diligence."

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 79:

Documents sufficient to show the existence, if any, of any joint defense agreement or common interest agreement between and among MTPC, JPI, JNV, JRD, and/or Cilag pertaining to any canagliflozin product.

### RESPONSE TO REQUEST NO. 79:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time, is directed generally to a subject matter that will not make any material fact more or less likely, and does not concern any disputed issues in this case.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 80:**

All documents and communications concerning the administration of any canagliflozin product in clinical trials, including, without limitation, all laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and test data related thereto.

**RESPONSE TO REQUEST NO. 80:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope.  Plaintiffs also object to this request as vague and ambiguous as to the term "administration of any canagliflozin."  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" related to the recited subject matter.  Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request as seeking documents and things protected by HIPAA and to the extent that compliance with HIPAA for the documents and things sought by this request would be unduly  burdensome.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 81:**

NDA Nos. 204042 and 204353 and all documents, communications, and things
concerning NDA Nos. 204042 and 204353, including, without limitation:
(a) all documents and communications concerning all drafts, versions, submissions,
revisions, updates, amendments, and supplements thereof;
(b) all documents and communications concerning the development, preparation,
submissions, approval, and maintenance thereof; and
(c) all communications to or with any third party, including the FDA, related thereto.

### RESPONSE TO REQUEST NO. 81:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and does not concern any disputed issues in this case.  Plaintiffs also object to this request

as overly broad and unduly burdensome to the extent that it is directed to "all documents and

communications, and things" related to the requested subject matter, "all documents and

communications concerning all drafts, versions, submissions, revisions, updates, amendments,

and supplements thereof," and "all communications to or with any third party."  Plaintiffs also

object to this request to the extent the information sought is not within Plaintiffs' possession,

custody, or control.  Plaintiffs also object to this request to the extent that it seeks discovery of

any third party's confidential information.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 82:**

IND Nos. 76,479 and 110,545 and all documents, communications, and things
concerning IND Nos. 76,479 and 110,545, including, without limitation:
(a) all documents and communications concerning all drafts, versions, submissions,
revisions, updates, amendments, and supplements thereof;
(b) all documents and communications concerning the development, preparation,
submissions, approval, and maintenance thereof; and
(c) all communications to or with any third party, including the FDA, related thereto,
including any pre-IND communications such as a pre-IND briefing package or pre-
IND meeting minutes.

**RESPONSE TO REQUEST NO. 82:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and does not concern any disputed issues in this case.  Plaintiffs also object to this request

as overly broad and unduly burdensome to the extent that it is directed to "all documents and

communications, and things" related to the requested subject matter, "all documents and

communications concerning all drafts, versions, submissions, revisions, updates, amendments,

and supplements thereof," and "all communications to or with any third party."  Plaintiffs also

object to this request to the extent the information sought is not within Plaintiffs' possession,

custody, or control.  Plaintiffs also object to this request to the extent that it seeks discovery of

any third party's confidential information.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 83:

All documents and communications concerning the development and/or commercialization of Invokana® and/or Invokamet®, including, without limitation, any communications or correspondence relating to any decisions to develop or commercialize a canagliflozin product.

### RESPONSE TO REQUEST NO. 83:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in the case.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter.  Plaintiffs also object to this request as vague and ambiguous as to the terms "development" and "commercialization." Plaintiffs also object to this request as duplicative of at least Request Nos. 81-82.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 84:

All documents and communications concerning the manufacture of any canagliflozin product, including, without limitation, all documents and communications relating to any decisions to manufacture Invokana® and/or Invokamet®.

## RESPONSE TO REQUEST NO. 84:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and scope and does not concern disputed issues in the case. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter and "any canagliflozin product." Plaintiffs also object to this request as vague and ambiguous as to the terms "manufacture" and "any canagliflozin product." Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request as seeking information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request as duplicative of at least Request Nos. 81-82 and 85.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 85:

Documents and things sufficient to identify each person who was or is involved in the manufacturing of any canagliflozin product.

**RESPONSE TO REQUEST NO. 85:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope and does not concern disputed issues in the case. Plaintiffs also object to this

request as overly broad and unduly burdensome to the extent that it is directed to the

identification of "each person" and to "any canagliflozin product." Plaintiffs also object to this

request as vague and ambiguous as to the terms "involved in." Plaintiffs also object to this

request to the extent the information sought is not within Plaintiffs' possession, custody, or

control. Plaintiffs also object to this request to the extent that it seeks discovery of any third

party's confidential information. Plaintiffs also object to this request as seeking information that

is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request as

duplicative of at least Request Nos. 81-82 and 84.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 86:**

All documents and things concerning or discussing Citizen Petitions or MTPC's, JPI's, JNV's,
JRD's, and/or Cilag's intent to file Citizen Petitions relating to any canagliflozin product,
including, but not limited to, Invokana®, Invokamet®, or Defendants' ANDA Products.

### RESPONSE TO REQUEST NO. 86:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that does not concern

disputed issues in the case.  Plaintiffs also object to this request as overly broad and unduly

burdensome to the extent that it is directed to "[a]ll documents and things" of the requested

subject matter and "any canagliflozin product."  Plaintiffs also object to this request to the extent

the information sought is not within Plaintiffs' possession, custody, or control.  Plaintiffs also

object to this request to the extent that it seeks discovery of any third party's confidential

information.  Plaintiffs also object to this request as unduly burdensome as Defendants are no

more burdened by the task of retrieving publicly available documents than are Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

### REQUEST NO. 87:

All documents and things that compare the products of NDA Nos. 204042 and/or 204353
to any claim of any of the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 87:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request to the extent that it is premature and seeks expert

testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents and things" related to the

recited subject matter.  Plaintiffs also object to this request as vague and ambiguous as to the

term "compare."  Plaintiffs also object to this request to the extent that it prematurely seeks

expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks

Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule

agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as

duplicative of at least Request Nos. 26 and 105.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 88:**

All documents, communications, and things comparing Invokana® and/or Invokamet® to
other canagliflozin products, including all documents and communications concerning:
(a) the research, development, and testing thereof, including, without limitation, all
laboratory notebook entries, reports, memoranda, analyses, meeting minutes, and all
test data, including preclinical testing data, animal modeling data, experimental
results, and all conclusions based thereon;
(b) any comparison of the similarities or differences between Invokana® or Invokamet®
and Defendants' ANDA Products; and
(c) any comparison of the similarities or differences between Invokana® or Invokamet®
and any other canagliflozin formulation.

**RESPONSE TO REQUEST NO. 88:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request as overly broad and unduly burdensome to

the extent that it is directed to "[a]ll documents, communications, and things" regarding the

recited subject matter, and "other canagliflozin products."  Plaintiffs also object to this request as

vague and ambiguous as to the terms "comparing" and "other canagliflozin products."   Plaintiffs

also object to this request to the extent the information sought is not within Plaintiffs' possession,

custody, or control.  Plaintiffs also object to this request to the extent that it seeks discovery of

any third party's confidential information.  Plaintiffs also object to this request to the extent that

it prematurely seeks expert discovery.  Plaintiffs also object to this request as seeking

information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object

to this request as duplicative of at least Request No. 70.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 89:**

All documents and communications concerning Defendants' ANDAs or Defendants'
ANDA Products, including, without limitation, all evaluations, analyses, studies, and opinions
related thereto.

### RESPONSE TO REQUEST NO. 89:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is seeks all

documents and communications concerning Defendants' ANDAs or ANDA Products, which are

documents in Defendants control. Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents and communications"

concerning the recited subject matter.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding

this request.

### REQUEST NO. 90:

All documents and communications relating to whether Defendants' ANDA Products do
or do not infringe any claim of the Patents-in-Suit.

### RESPONSE TO REQUEST NO. 90:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, that it seeks information

pertaining to and production of documents and things already in Defendants' possession, such as

Defendants' ANDA, ANDA Products, and associated Drug Master Files.  Plaintiffs also object to

this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll

documents and communications relating to" the recited subject matter,  Plaintiffs also object to

this request to the extent that it seeks a legal conclusion and/or expert testimony, and to the

extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local

Civil Rules and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also

object to this request to the extent that it prematurely seeks expert discovery.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

## REQUEST NO. 91:

All documents and communications supporting, refuting, or otherwise relating to
Plaintiffs' allegations and causes of action set forth in the Plaintiffs' Complaints, including its
infringement allegations.

### RESPONSE TO REQUEST NO. 91:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs'

contentions before the date provided for in the Local Civil Rules and the schedule agreed to by

the parties and adopted by the Court.  Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents and communications"

related to the recited subject matter.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will produce all materials that it intends to use as trial exhibits in a manner consistent with any schedule to be set by the Court for the exchange of such materials.   Plaintiffs do not intend to produce any other documents in response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 92:**

All documents and communications concerning Plaintiffs' decision to file the Plaintiffs' Complaints, including, without limitation, Plaintiffs' pre-suit investigation concerning Defendants' ANDAs and Defendants' ANDA Products.

**RESPONSE TO REQUEST NO. 92:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" regarding the requested subject matter.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request  as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 93:**

Documents sufficient to show the costs associated with marketing or promoting Invokana® and/or Invokamet®, including the costs of the sales force, detailing, product sampling, and all other promotional costs associated with Invokana® and/or Invokamet®.

**RESPONSE TO REQUEST NO. 93:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll other promotional costs" related to the recited subject matter. Plaintiffs also object to this request as vague and ambiguous as to the terms "costs," "detailing," "product sampling," and "all other promotional costs." Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court. Plaintiffs also object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 94:**

Documents sufficient to show the marketing, advertising, or promotion for Invokana® and/or Invokamet®, including, without limitation, any marketing plans, advertising plans, promotional programs, or strategies.

**RESPONSE TO REQUEST NO. 94:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request as vague and ambiguous as to the terms "marketing plans," "advertising plans," "promotional programs," and "strategies."  Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 95:**

Documents sufficient to show the sales, revenue, or profits for Invokana® and/or Invokamet®, including but not limited to any group purchases, from the launch of Invokana® and/or Invokamet® to the present.

**RESPONSE TO REQUEST NO. 95:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request as vague and ambiguous as to the terms "group

purchases." Plaintiffs also object to this request as seeking publicly available information that is

at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to

the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request to the

extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local

Civil Rules and the schedule agreed to by the parties and adopted by the Court. Plaintiffs also

object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce documents concerning any secondary considerations of nonobviousness that

Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected

from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to

produce any documents regarding secondary considerations of nonobviousness on which they do

not intend to rely. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 96:**

Documents sufficient to show any market analysis by or on behalf of Plaintiffs relating to
Invokana® and/or Invokamet®.

**RESPONSE TO REQUEST NO. 96:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law. Plaintiffs also object to this request as vague and ambiguous as to the terms "market

analysis."  Plaintiffs also object to this request as seeking publicly available information that is at

least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the

extent that it prematurely seeks expert discovery.  Plaintiffs also object to this request to the

extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local

Civil Rules and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also

object to this request as duplicative of at least Request No. 26.

     Subject to and without waiver of the foregoing general and specific objections, to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce documents concerning any secondary considerations of nonobviousness that

Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected

from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to

produce any documents regarding secondary considerations of nonobviousness on which they do

not intend to rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 97:**

Documents sufficient to show cost data (including unit costs), sales data, profit data, and
market share data, including rebate, chargeback, and adjustment data, given on a monthly basis
from the launch of Invokana® and/or Invokamet® to the present.

     **RESPONSE TO REQUEST NO. 97:**

     Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request as vague and ambiguous as to the terms "marketing

plans," "advertising plans," "promotional programs," and "strategies."  Plaintiffs also object to

this request as seeking publicly available information that is at least as accessible to Defendants

as it is to Plaintiffs.  Plaintiffs also object to this request to the extent that it prematurely seeks

expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks

Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule

agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as

duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce documents concerning any secondary considerations of nonobviousness that

Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected

from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to

produce any documents regarding secondary considerations of nonobviousness on which they do

not intend to rely.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 98:

All documents sufficient to identify the recipients of educational funding for Invokana®
and/or Invokamet® and the amounts of such funding received, including, but not limited to grants
provided to doctors, medical institutions, or associations for symposia, speaker programs, and
other educational programs.

### RESPONSE TO REQUEST NO. 98:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request as vague and ambiguous as to the terms "educational

funding."  Plaintiffs also object to this request as seeking publicly available information that is at

least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the

extent that it prematurely seeks expert discovery.  Plaintiffs also object to this request to the

extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local

Civil Rules and the schedule agreed to by the parties and adopted by the Court. Plaintiffs also object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 99:**

All documents and communications relating to the effect of the entry of any generic canagliflozin product in the United States and any underlying documents that set forth the basis for the effect.

**RESPONSE TO REQUEST NO. 99:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time, is directed generally to a subject matter that will not make any material fact more or less likely, and does not concern any disputed issues in this case. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to

"[a]ll documents and communications" regarding the requested subject matter and to "any

generic canagliflozin product."

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request  as currently drafted.  Plaintiffs are willing to meet and confer regarding

this request.

**REQUEST NO. 100:**

All documents and communications relating to the release or plans to release any
authorized generic version of Invokana®, Invokamet®, or any canagliflozin product, including,
but not limited to, any agreements regarding same.

**RESPONSE TO REQUEST NO. 100:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time, is directed generally to a subject matter that will not make any material fact more or less

likely, and does not concern any disputed issues in this case.  Plaintiffs also object to this request

to the extent that it seeks discovery of any third party's confidential information.  Plaintiffs also

object to this request as overly broad and unduly burdensome to the extent that it is directed to

"[a]ll documents and communications" regarding the requested subject matter and to "any

canagliflozin product."

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request  as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 101:**

Documents sufficient to show the forecast or projection for sales, revenue, and profit for Invokana® and/or Invokamet® in the United States from launch to present.

**RESPONSE TO REQUEST NO. 101:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request as vague and ambiguous as to the terms "forecast" and "projection for sales, revenue, and profit."  Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 102:**

Documents sufficient to show the total revenue each year from sales of any products
under the brand name Invokana® and/or Invokamet® on a monthly basis.

### RESPONSE TO REQUEST NO. 102:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request as vague and ambiguous as to the terms "total revenue."

Plaintiffs also object to this request as seeking publicly available information that is at least as

accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent

that it prematurely seeks expert discovery.  Plaintiffs also object to this request to the extent that

it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules

and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also object to this

request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce documents concerning any secondary considerations of nonobviousness that

Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected

from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to

produce any documents regarding secondary considerations of nonobviousness on which they do

not intend to rely.  Plaintiffs are willing to meet and confer regarding this request.

### REQUEST NO. 103:

All press releases, publications, advertising, marketing, and promotional materials, and
documents describing promotional efforts, authored by or on behalf of Plaintiffs concerning the
Patents-in-Suit, Invokana®, Invokamet®, or any ANDA referencing Invokana® and/or
Invokamet®.

**RESPONSE TO REQUEST NO. 103:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent it seeks "[a]ll press releases, publications, advertising, marketing, and promotional materials, and documents" regarding the requested subject matter. Plaintiffs also object to this request as vague and ambiguous as to the terms "promotional materials" and "promotional efforts." Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court. Plaintiffs also object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected from disclosure based on any applicable privilege or immunity. Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 104:**

All documents and communications concerning the strategies for the life cycle management of Invokana®, Invokamet®, or any canagliflozin product.

## RESPONSE TO REQUEST NO. 104:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent it seeks "[a]ll documents and communications" regarding the requested subject matter.  Plaintiffs also object to this request as vague and ambiguous as to the terms "strategies" and "life cycle management."  Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 105:

All documents concerning the nexus between any secondary considerations of Plaintiffs' Invokana® and/or Invokamet® products and any claims of the Patents-in-Suit.

## RESPONSE TO REQUEST NO. 105:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request to the extent that it is premature and seeks expert

testimony and/or a legal conclusion.  Plaintiffs also object to this request as overly broad and

unduly burdensome to the extent that it is directed to "[a]ll documents" related to the recited

subject matter.  Plaintiffs also object to this request as seeking publicly available information that

is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to

the extent that it prematurely seeks expert discovery.  Plaintiffs also object to this request to the

extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local

Civil Rules and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also

object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will search for and, if found, produce

documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to

rely upon in connection with each asserted patent, and that are not protected from disclosure

based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any

documents regarding secondary considerations of nonobviousness on which they do not intend to

rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 106:**

All documents concerning physician or customer feedback, surveys, physician or
customer preferences, or any other information as to why physicians or customers purchase
Invokana® and/or Invokamet®.

**RESPONSE TO REQUEST NO. 106:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent it

seeks "[a]ll documents" regarding the requested subject matter.  Plaintiffs also object to this

request as vague and ambiguous as to the terms "physician or customer feedback," "physician or customer preferences," and "any other information."  Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs' contentions before the date provided for in the Local Civil Rules and the schedule agreed to by the parties and adopted by the Court.  Plaintiffs also object to this request as duplicative of at least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to produce any documents regarding secondary considerations of nonobviousness on which they do not intend to rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 107:**

All documents pertaining to any strategy for setting the price of Invokana® and/or Invokamet®.

**RESPONSE TO REQUEST NO. 107:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent it seeks "[a]ll documents" regarding the requested subject matter.  Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it

is to Plaintiffs.  Plaintiffs also object to this request to the extent that it prematurely seeks expert

discovery.  Plaintiffs also object to this request to the extent that it prematurely seeks Plaintiffs'

contentions before the date provided for in the Local Civil Rules and the schedule agreed to by

the parties and adopted by the Court.  Plaintiffs also object to this request as duplicative of at

least Request No. 26.

Subject to and without waiver of the foregoing general and specific objections, to the

extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if

found, produce documents concerning any secondary considerations of nonobviousness that

Plaintiffs intend to rely upon in connection with each asserted claim, and that are not protected

from disclosure based on any applicable privilege or immunity.  Plaintiffs do not intend to

produce any documents regarding secondary considerations of nonobviousness on which they do

not intend to rely.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 108:**

All documents that Plaintiffs intend to offer or introduce at trial or any hearing in this
action.

**RESPONSE TO REQUEST NO. 108:**

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request as prematurely calling for expert discovery, seeking

expert testimony, and/or seeking a legal conclusion.  Plaintiffs also object to this request to the

extent it seeks documents and things not within Plaintiffs' possession, custody, or control.

Plaintiffs also object to this request as premature.

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs will produce all materials that it intends to

use as trial exhibits in a manner consistent with any schedule to be set by the Court for the

exchange of such materials.  Plaintiffs do not intend to produce any documents in response to

this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 109:**

All documents referred to in any Fed. R. Civ. Pro. 26(a) disclosure served by Plaintiffs in
this action.

### RESPONSE TO REQUEST NO. 109:

Subject to and without waiver of the foregoing general objections, and to the extent that

Plaintiffs understand the request, Plaintiffs will produce nonprivileged documents identified in

any Fed. R. Civ. Pro. 26(a) disclosure served by Plaintiffs in this action in response to this

request, to the extent such documents are in Plaintiffs' possession, custody or control, and can be

located after a reasonable search.

**REQUEST NO. 110:**

All documents and things reviewed, relied upon, or considered by any expert for
Plaintiffs in the Current Litigation.

### RESPONSE TO REQUEST NO. 110:

Plaintiffs object to this request to the extent that it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

law.  Plaintiffs also object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and scope.  Plaintiffs also object to this request as overly broad and unduly burdensome to

the extent that it is directed to "[a]ll documents and things" related to the recited subject matter.

Plaintiffs also object to this request as vague and ambiguous as to the term "reviewed, relied upon, or considered by."  Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request at this time.  Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 111:

Documents and communications sufficient to identify every instance any expert hired by Plaintiffs was subject to a *Daubert* challenge.

### RESPONSE TO REQUEST NO. 111:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time, and does not concern any disputed issues in this case.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "every instance" of an event.  Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 112:**

The current curriculum vitae, resume, biography, or equivalent document for each Named Inventor, other individual identified in Plaintiffs' disclosures under Fed. R. Civ. Pro. 26(a), or expert for Plaintiffs.

**RESPONSE TO REQUEST NO. 112:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law.  Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and does not concern any disputed issues in this case.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce nonprivileged documents responsive to this request.


**REQUEST NO. 113:**

All deposition transcripts of any expert for Plaintiffs or Named Inventors pertaining to Canagliflozin and/or the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 113:**

Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in scope, is directed to any patents other than the Patents-in-Suit, is directed to cases other than this case, and to the extent does not concern any disputed issues in this case. Plaintiffs also object to this request to the extent it seeks a third party's confidential information. Plaintiffs also object to this request as seeking information that is at least as accessible to Defendants as it is to Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 114:

All documents referred to or relied upon by Plaintiffs in responding to any interrogatory or requests for admission served by Defendants.

### RESPONSE TO REQUEST NO. 114:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in scope and is directed to discovery requests not served in this case. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents referred to or relied upon" regarding the requested subject matter.

115

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs will conduct a reasonable search for and, if found, produce documents cited to, if any, in Plaintiffs' response to Defendants' discovery requests in this case. Plaintiffs do not intend to produce any other documents in response to this request. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 115:**

All documents and communications relating to any agreement between one or more Plaintiffs and any third party relating to the settlement of any claim of infringement of any Patent-in-Suit, including all proposed and actual agreements, and all documents and communications relating to any negotiations of such agreements.

**RESPONSE TO REQUEST NO. 115:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in scope and does not concern any disputed issues in this case. Plaintiffs also object to this request to the extent that it seeks discovery of any third party's confidential information. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll documents and communications" relating to the recited subject matter. Plaintiffs also object to this request as unduly burdensome as Defendants are no more burdened by the task of retrieving publicly available documents than are Plaintiffs.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in

response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 116:**

One hundred (100) canagliflozin tablets 100 mg marketed under the tradename Invokana® and the corresponding manufacturing and analytical records and instructions for storage, to each defendant group separately, which tablets expire no earlier than April 12, 2019.

**RESPONSE TO REQUEST NO. 116:**

Plaintiffs object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, to the extent that the requested information does not concern any disputed issues in this case.  Plaintiffs also object to this request as seeking information that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it requests production "to each defendant group separately."

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents or things in response to this request as currently drafted.  Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 117:**

One hundred (100) canagliflozin tablets 300 mg marketed under the tradename Invokana® and the corresponding manufacturing and analytical records and instructions for storage, to each defendant group separately, which tablets expire no earlier than April 12, 2019.

**RESPONSE TO REQUEST NO. 117:**

Plaintiffs object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, to the extent that the requested information does not concern any disputed issues in this case. Plaintiffs also object to this request as seeking information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it requests production "to each defendant group separately."

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents or things in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 118:

One hundred (100) canagliflozin/metformin hydrochloride tablets 50 mg/500 mg marketed under the tradename Invokamet® and the corresponding manufacturing and analytical records and instructions for storage, to each defendant group separately, which tablets expire no earlier than April 12, 2019.

### RESPONSE TO REQUEST NO. 118:

Plaintiffs object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, to the extent that the requested information does not concern any disputed issues in this case. Plaintiffs also object to this request as seeking information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it requests production "to each defendant group separately."

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents or things in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 119:**

One hundred (100) canagliflozin/metformin hydrochloride tablets 50 mg/1 g marketed under the trade name Invokamet® and the corresponding manufacturing and analytical records and instructions for storage, to each defendant group separately, which tablets expire no earlier than April 12, 2019.

**RESPONSE TO REQUEST NO. 119:**

Plaintiffs object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, to the extent that the requested information does not concern any disputed issues in this case. Plaintiffs also object to this request as seeking information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it requests production "to each defendant group separately."

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents or things in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 120:**

One hundred (100) canagliflozin/metformin hydrochloride tablets 150 mg/500 mg marketed under the trade name Invokamet® and the corresponding manufacturing and analytical records and instructions for storage, to each defendant group separately, which tablets expire no earlier than April 12, 2019.

**RESPONSE TO REQUEST NO. 120:**

Plaintiffs object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, to the extent that the requested information does not concern

any disputed issues in this case.  Plaintiffs also object to this request as seeking information that

is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request as

overly broad and unduly burdensome to the extent that it requests production "to each defendant

group separately."

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents or

things in response to this request as currently drafted.  Plaintiffs are willing to meet and confer

regarding this request.

**REQUEST NO. 121:**

One hundred (100) canagliflozin/metformin hydrochloride tablets 150 mg/1 g marketed
under the trade name Invokamet® and the corresponding manufacturing and analytical records
and instructions for storage, to each defendant group separately, which tablets expire no earlier
than April 12, 2019.

**RESPONSE TO REQUEST NO. 121:**

Plaintiffs object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, to the extent that the requested information does not concern

any disputed issues in this case.  Plaintiffs also object to this request as seeking information that

is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this request as

overly broad and unduly burdensome to the extent that it requests production "to each defendant group separately."

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents or things in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 122:**

██████████████████████████████████████████ and the corresponding manufacturing and analytical records and instructions for storage, to each defendant group separately.

**RESPONSE TO REQUEST NO. 122:**

Plaintiffs object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, to the extent that the requested information does not concern any disputed issues in this case. Plaintiffs also object to this request as improperly calling for a legal conclusion and/or expert testimony. Plaintiffs also object to this request to the extent that it prematurely seeks expert discovery. Plaintiffs also object to this request as seeking information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs also object to this request to the extent the information sought is not within Plaintiffs' possession, custody, or control. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it requests production of samples "to each defendant group separately."

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce documents or

things in response to this request as currently drafted.  Plaintiffs are willing to meet and confer

regarding this request.

**REQUEST NO. 123:**

█████████████████████████████████████████████████ and
the corresponding manufacturing and analytical records and instructions for storage, to each
defendant group separately.

### RESPONSE TO REQUEST NO. 123:

Plaintiffs object to this request on the grounds that it seeks information that is not

relevant to any claim or defense currently in this action and not proportional to the needs of the

case, and because the burden and expense to Plaintiffs in responding to this request outweighs

any likely benefit to Defendants, to the extent that the requested information does not concern

any disputed issues in this case.  Plaintiffs also object to this request as improperly calling for a

legal conclusion and/or expert testimony.  Plaintiffs also object to this request to the extent that it

prematurely seeks expert discovery.  Plaintiffs also object to this request as seeking information

that is at least as accessible to Defendants as it is to Plaintiffs.  Plaintiffs also object to this

request to the extent the information sought is not within Plaintiffs' possession, custody, or

control.  Plaintiffs also object to this request as overly broad and unduly burdensome to the

extent that it requests production of samples "to each defendant group separately."

Subject to and without waiver of the foregoing general and specific objections, and to the

extent that Plaintiffs understand the request, Plaintiffs do not intend to produce documents or

things in response to this request as currently drafted.  Plaintiffs are willing to meet and confer

regarding this request.

**REQUEST NO. 124:**

Each document and thing relating to the listing and/or delisting of the Patents-in-Suit in
the FDA's Orange Book in connection with Invokana® and/or Invokamet®.

## RESPONSE TO REQUEST NO. 124:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that the requested information does not concern any disputed issues in this case. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it is directed to "[e]ach document and thing relating to" the recited subject matter.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

## REQUEST NO. 125:

Each document and thing relating to labeling or proposed labeling for Invokana® and/or Invokamet®.

## RESPONSE TO REQUEST NO. 125:

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs also object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in

time and does not concern any disputed issues in this case. Plaintiffs also object to this request as overly broad and unduly burdensome to the extent that it seeks "[e]ach document and thing" related to the requested subject matter. Plaintiffs also object to this request as seeking publicly available information that is at least as accessible to Defendants as it is to Plaintiffs. Plaintiffs object to this request to the extent it is duplicative of at least Request Nos. 81-82.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

**REQUEST NO. 126:**

Each document and thing related to any compensation received by each named inventor of the Patents-in-Suit for their work related to one or more of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 126:**

Plaintiffs object to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Plaintiffs object to this request on the grounds that it seeks information that is not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Plaintiffs in responding to this request outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and that the requested information does not concern any disputed issues in this case.

Subject to and without waiver of the foregoing general and specific objections, and to the extent that Plaintiffs understand the request, Plaintiffs do not intend to produce any documents in response to this request as currently drafted. Plaintiffs are willing to meet and confer regarding this request.

Dated:  April 16, 2018

s/ William C. Baton
Charles M. Lizza
William C. Baton
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

OF COUNSEL:

Raymond N. Nimrod
Matthew A. Traupman
Catherine T. Mattes
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7000

*Attorneys for Plaintiffs*
*Mitsubishi Tanabe Pharma Corp.,*
*Janssen Pharmaceuticals, Inc., Janssen*
*Pharmaceutica NV,*
*Janssen Research and Development, LLC,*
*and Cilag GmbH International*