[Doc. No. 478]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **MITSUBISHI TANABE PHARMA CORP. et al.,**<br><br>            Plaintiffs,<br>   v.<br><br>**AUROBINDO PHARMA USA, INC. et al.,**<br><br>            Defendants. | Civil No. 17-5005 (RMB/MJS) |

**O R D E R**

This matter is before the Court on the "Motion to Seal" ("motion") [Doc. No. 478] filed by defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "defendants"). No opposition was filed. Defendants move to seal portions of the transcript of the October 6, 2020 Status Conference held before the Hon. Joel Schneider, U.S.M.J. [Doc. No. 431]. The motion is supported by the Declaration of Matthew V. Anderson, Esq. [Doc. No. 478-1] and an Index [Doc. No. 478-2]. The Court exercises its discretion to decide defendants' motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, defendants' motion is GRANTED.

It is well-established there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal, it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by Local Civil Rule 5.3(c), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. "Generally, a court will protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." Faulman v. Security Mut. Fin. Life Ins. Co., C.A. No. 04-5083 (AET), 2006 WL 1541059, at *1 (D.N.J. June 2, 2006) (citation omitted). "Broad allegations of harm, unsubstantiated by

specific examples or articulated reasoning," however, cannot establish good cause. Pansy, 23 F.3d at 786 (citation omitted). Further, "it is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." In re: Benicar (Olmesarten) Prods. Liab. Litig., C.A. No. 15-2606 (RBK/JS), 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

The Court has reviewed the subject materials in detail to decide this motion and finds that the parties have sufficiently described the nature of the materials they seek to redact and seal. The subject materials generally concern defendants' proprietary business information, confidential product formulations, and other sensitive information, such as privileged material concerning the defendants' research and development. See Anderson Decl. ¶¶ 6-7; The Court agrees that there exists a legitimate private interest in keeping the subject materials under seal. The Court finds that, as defendants contend, if the subject materials are made public, they could be harmed by way of competitive disadvantage in the marketplace and injury to their present and future business interests. See id. ¶¶ 8-9. Likewise, the Court finds that there is no less restrictive alternative than to redact limited portions of the transcript.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 29th day of March 2021, that the "Motion to Seal" [Doc. No. 478] is GRANTED; and it is further

ORDERED the Clerk of the Court is directed to maintain under seal Doc. No. 431; and it is further

ORDERED that to the extent not already done, the parties shall file a redacted copy of Doc. No. 431 in accordance with this Order by April 19, 2021.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge