[Doc. No. 567]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MITSUBISHI TANABE PHARMA CORP. et al.,

        Plaintiffs,

  v.

AUROBINDO PHARMA USA, INC. et al.,

        Defendants.

Civil No. 17-5005 (RMB/MJS)

**O P I N I O N  &  O R D E R**

This matter is before the Court on the motion to seal and redact transcript" ("motion") [Doc. No. 567] filed by defendant Zydus Pharmaceuticals (USA) Inc. ("defendant"). Defendant moves to seal and redact certain portions of the transcript of the video conference held before the Honorable Renée Marie Bumb, U.S.D.J. on March 23, 2021 [Doc. No. 550]. The motion is supported by the Declaration of Hershy Stern, Esq. [Doc. No. 567-1] and an Index of Redactions [Doc. No. 567-2]. No opposition was filed. The Court exercises its discretion to decide defendants' motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, defendants' motion is **GRANTED.**

Plaintiffs filed this patent infringement action against defendant alleging that defendant infringed claim 3 of U.S. Pat.

1

No. 7,943,582 ("the '582 patent") by filing applications with the Food and Drug Administration ("FDA") to market generic versions of plaintiffs' Invokana®. See Doc. No. 298 at 4213. In anticipation of the parties' filing and producing sensitive materials throughout the course of this litigation, the Court entered a Discovery Confidentiality Order [Doc. No. 53] to provide for restricted disclosure of "Documents[,]" "Testimony[,]" and "Information" designated "Highly Confidential—Attorney Eyes Only" or "Confidential." Doc. No. 53 at 2, 7.

It is well-established there exists "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). Nonetheless, upon motion by a party "[t]his Court has the power to seal where confidential information may be disclosed to the public." IQVIA Inc. v. Veeva Sys., Inc., No. 2:19-CV-15517-CCC-MF, 2020 WL 7081736, at *1 (D.N.J. Apr. 15, 2020). When a party files a motion to seal, it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). FED. R. CIV. P. 26(c)(1)(G) authorizes the

2

Court to "protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." IQVIA Inc., 2020 WL 7081736, at *1 (citing Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however, cannot establish good cause. Pansy, 23 F.3d at 786 (citation omitted). Further, "it is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." In re: Benicar (Olmesarten) Prods. Liab. Litig., C.A. No. 15-2606 (RBK/JS), 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016). In this District, motions to seal are governed by Local Civil Rule 5.3(c), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

The Court has reviewed the materials subject to seal in detail to decide this motion and finds that the parties have sufficiently described the nature of the materials they seek to seal and redact. The subject materials concern sensitive proprietary commercial and

3

technical information regarding the compositions of Zydus's Abbreviated New Drug Application "ANDA" products. This information is regarded as proprietary, kept confidential, and is not otherwise disseminated to the public. Thus, the Court finds that there exists a legitimate privacy interest in keeping the subject materials under seal. Specifically, Court finds that, if disclosed, the information identified in these materials may afford competitors insight into defendant's private business operations and unfairly harm defendant's present and future interests by way of competitive disadvantage in the pharmaceutical marketplace. The Court further finds that defendant has sufficiently restricted the portions of the documents proposed for redaction[1] and there is no less restrictive alternative than to redact the limited portions identified.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** this **2nd** day of **July 2021**, that the "Motion to Seal" [Doc. No. 567] is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to maintain under seal Doc. No. 550; and it is further

---

[1] Defendant seeks to seal and redact ten (10) lines in a thirty-four (34) page transcript.

**ORDERED** that, pursuant to L. Civ. R. 5.3, a redacted copy of Doc. No. 550 shall be filed with this Court in accordance with this Order by **July 23, 2021.**

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

At: Camden, New Jersey