[Doc. No. 578]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **MITSUBISHI TANABE PHARMA CORP. et. al.,**<br><br>             Plaintiffs,<br><br>     v.<br><br>**AUROBINDO PHARMA USA, INC. et. al.,**<br><br>             Defendants. | Civil No. 17-5005 (RMB/MJS) |

O P I N I O N & O R D E R

This matter is before the Court on the joint motion to seal ("Motion") [Doc. No. 578] filed by plaintiffs Mitsubishi Tanabe Pharma Corp., Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica NV, Janssen Research and Development, LLC, and Cilag GmbH International (collectively, the "plaintiffs"), former defendant Lupin Limited and Pharmaceuticals, Inc. ("Lupin"), and defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc. ("MSN") and Zydus Pharmaceuticals (USA), Inc. ("Zydus") (Lupin, MSN, and Zydus, collectively, the "defendants"). The parties move to seal certain limited portions of the following: (1) Proposed Final Pretrial Order [Doc. No. 447]; (2) Letter from Zydus to the Hon. Joel Schneider, U.S.M.J., dated December 18, 2020 [Doc. No. 468]; (3) Letter from plaintiffs to the Hon. Joel Schneider,

1

U.S.M.J., dated January 7, 2021 [Doc. No. 480]; (4) Exhibits to Zydus's Letter to the Hon. Joel Schneider, U.S.M.J., dated January 7, 2021 [Doc. No. 481]; (5) Letter from plaintiffs to the Hon. Joel Schneider, U.S.M.J., dated January 7, 2021 [Doc. No. 482]; (6) Proposed Final Pretrial Order [Doc. No. 483]; (7) Final Pretrial Order [Doc. No. 499]; (8) Letter from Zydus to the Hon. Joel Schneider, dated January 11, 2021 [Doc. No. 486]; (9) Letter from plaintiffs to the Hon. Renee Marie Bumb, U.S.D.J., dated January 22, 2021 [Doc. No. 503]; (10) Zydus's Appeal from and Objections to the Hon. Joel Schneider's January 12, 2021 Order Denying Motion to Compel and exhibits thereto [Doc. No. 507]; (11) exhibits to plaintiffs' Opposition to Zydus's Appeal [Doc. No. 521]; (12) exhibits to Zydus's Reply in Support of its Appeal [Doc. No. 526]; and (13) Plaintiffs' Letter to the Hon. Renée Marie Bumb, U.S.D.J., dated March 9, 2021 [Doc. No. 533]. The Motion is supported by the Declarations of Sarah A. Sullivan [Doc. No. 578-1], James S. Richter [Doc. No. 578-2], Hershy Stern [Doc. No. 578-3], and Matthew V. Anderson [Doc. No. 578-4]. The Motion is further supported by Indexes of Redactions provided by each party [Doc. No. 578-1, 2, 3, 4]. The Court exercises its discretion to decide the motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, the Motion is **GRANTED.**

Plaintiffs filed this patent infringement action against defendants alleging that defendants infringed claim 3 of U.S. Patent No. 7,943,582 ("the '582 patent") by filing applications with the Food and Drug Administration ("FDA") to market generic versions of plaintiffs' Invokana®. See Doc. No. 298 at 4213.  In anticipation of the parties' filing and producing sensitive materials throughout the course of this litigation, the Court entered a Discovery Confidentiality Order [Doc. No. 53] to provide for restricted disclosure of "Documents[,]" "Testimony[,]" and "Information" designated "Highly Confidential – Attorney Eyes Only" or "Confidential." Doc. No. 53 at 2, 7.

It is well-established there exists "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). Nonetheless, upon motion by a party "[t]his Court has the power to seal where confidential information may be disclosed to the public." IQVIA Inc. v. Veeva Sys., Inc., No. 2:19-CV-15517-CCC-MF, 2020 WL 7081736, at *1 (D.N.J. Apr. 15, 2020). When a party files a motion to seal, it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs. Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).  Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking

3

closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). FED. R. CIV. P. 26(c)(1)(G) authorizes the Court to "protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." IQVIA Inc., 2020 WL 7081736, at *1 (citing Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however, cannot establish good cause. Pansy, 23 F.3d at 786 (citation omitted). Further, "it is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." In re: Benicar (Olmesarten) Prods. Liab. Litig., C.A. No. 15-2606 (RBK/JS), 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016). In this District, motions to seal are governed by Local Civil Rule 5.3(c), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

  The Court has reviewed the materials subject to seal in detail to decide this Motion and finds that the parties have sufficiently

described the nature of the materials it seeks to seal and redact. The Court agrees with the representations of the parties that the subject materials contain information including proprietary commercial and technical information, as well as trade secrets, that are presently confidential. See Sullivan Decl. ¶¶ 5, 7; Richter Decl. ¶¶ 4-9; Stern Decl. ¶¶ 4-9; Anderson Decl. ¶¶ 6-9. The Court further finds that there exists a legitimate privacy interest in keeping the subject materials under seal. Specifically, the Court concludes that, if disclosed, the information identified in these materials may afford competitors insight into the parties' private business operations and unfairly harm the parties' present and future interests by the way of competitive disadvantage. The Court further finds that the parties have sufficiently restricted the portions of the documents proposed for redaction that are presently nonpublic, and there is no less restrictive alternatives than to redact the limited portions identified.

Accordingly, for all the foregoing reasons,

**IT IS** hereby **ORDERED** this **19th** day of **August 2021** that the Joint Motion to Seal [Doc. No. 578] is **GRANTED**; and it is further

**ORDERED** that Clerk of the Court is directed to maintain under seal Doc. No. 447, 468, 480, 481, 482, 483, 499, 486, 503, 507, 521, 526, and 533; and it is further

**ORDERED** that to the extent not already done, the parties shall file a redacted copy of Doc. No. 447, 468, 480, 481, 482, 483, 499, 486, 503, 507, 521, 526, and 533 in accordance with this Order by **September 9, 2021.**

                                        s/ Matthew J. Skahill
                                        MATTHEW J. SKAHILL
                                        United States Magistrate Judge

At:   Camden, New Jersey